No. 13587

IN THE SUPREME COURT OF THE STATE OF MONTANA

JERRY GALLAGHER,

        Petitioner,

    vs.

ROGER CRIST, as Warden of the
Montana State Prison, Deer
Lodge, Montana,

        Respondent.

ORIGINAL PROCEEDING:

Counsel of Record:

        For Petitioner:

                D. Frank Kampfe, Billings, Montana

                    Submitted: November 1, 1976

                      Decided: NOV 19 1976

Filed: NOV 19 1976

_Thomas J. Kearney_
             Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is a petition for a writ of habeas corpus.

In this petition among other contentions, much is made of the fact that defense counsel appointed by the district court had previously prosecuted petitioner while a county attorney. This same matter was raised on Gallagher's appeal from his conviction, upon which appeal he was represented by his present counsel. Gallagher's conviction was affirmed. See State v. Gallagher, 162 Mont. 155, 509 P.2d 852 (1973).

That same fall Gallagher filed a petition for a writ of habeas corpus in this Court. Since that petition presented factual matters that required investigation and determination in the district court wherein petitioner's conviction of the crime of murder in the first degree was had, we referred the petition and accompanying papers to that court for such investigation, determination and hearing as to that court would appear necessary. See Gallagher v. Crist, 163 Mont. 536, 514 P.2d 1096.

Following the appointment of present counsel to represent Gallagher the district court proceeded with a hearing and on March 7, 1974, made and entered the following findings of fact and conclusions of law:

> "The petitioner, Jerry Gallagher, having filed in the Supreme Court of the State of Montana a writ of habeas corpus on October 1, 1973, and said Court having remanded said proceedings to this Court for such investigation, determination and hearing thereon as to this Court may appear necessary in the premises; and it appearing to the Court that investigation of certain allegations in the petition was necessary both on behalf of the petitioner and the respondents the Court then appointed D. Frank Kampfe as attorney for the petitioner and on December 19, 1973, a hearing was had on the said petition with time thereafter allowed counsel for both parties to submit affidavits of jurors in support of and opposition to petitioner's contentions, and the Court being now fully advised in the premises now does hereby enter

the following Findings of Fact:

"1.   That subsequent to petitioner's arrest and while he was in custody at Gillette, Wyoming, his back was photographed so as to depict a small abrasion or scratch and said photograph was later admitted as evidence at the trial, despite defense counsel's objections.

"2.   That the manner in which said photographs were taken, as described in the testimony of Sheriff Meeks at the trial, was not a violation of any of the defendant's constitutional rights and did not force the defendant to incriminate himself.

"3.   That John L. Adams, one of the Public Defenders of this Court, was appointed to represent the petitioner at all stages of the proceedings through trial and post-trial motions.  Said attorney is a competent, able and experienced criminal trial attorney, having served for a number of years as both Deputy Yellowstone County Attorney and as Yellowstone County Attorney; that said attorney conducted a conscientious investigation of the facts of the case prior to and during trial, made timely and effective motions on legal grounds to the Court prior, during and after trial, effectively examined witnesses, and did do an overall commendable job in representing the petitioner herein.  That on at least one occasion prior to trial the petitioner stated to the Court he wanted Mr. Adams to represent him and that on at least one subsequent occasion the petitioner stated to the Court that he was satisfied with the services of Mr. Adams.

"4.   That the State of Montana did not inflict an unfair trial upon the defendant by having charged one, John Currey with also having committed this crime in concert or as an accomplice to or with this petitioner as alleged in petitioner's petition for writ of habeas corpus.

"5.   That petitioner's billfold was marked as an exhibit during trial and submitted to the jury along with other exhibits and that among numerous other items in the billfold there was therein contained the following:

"(a)   Bailbondsmen personal cards from different states;

"(b)   Personal cards of attorneys in different states;

"(c)   A bailbond receipt from the State of California.

"6.   That petitioner now claims that such above-described items contained in the billfold, the existence of which were not known to either counsel or the Court prior to their submission to the jury during deliberations, constituted prejudicial error.

- 3 -

"7.  Counsel for both the petitioner and the State have submitted affidavits of jurors concerning the question of whether or not the jurors examined said above referenced items in the billfold and if so whether or not such examination affected their verdict.  Such items in the billfold were not part of the jury's deliberations on the case and had no affect on the verdict.

"From the foregoing Findings of Fact the Court now makes its Conclusions of Law:

"1.  That no constitutional rights of the petitioner were violated by the taking of the photograph of his back at Gillette, Wyoming, and by its later admission into evidence at trial.

"2.  That petitioner's court-appointed counsel, John L. Adams, represented said petitioner thoroughly and adequately and without prejudice to petitioner during all stages of the proceedings on the charge of first degree murder.

"3.  That there is no showing of prejudice to the petitioner based on the contents of the billfold and there was no error in law by such contents of the billfold being submitted to the jury as they were. If any error was involved, such error was not prejudicial to the petitioner.

"4.  Petitioner has not shown any error of law or fact or prejudice and is hereby denied all relief sought."

In the present petition there are no new facts which have not been previously considered by this Court and the district court.  Therefore the writ requested is denied and this proceeding is ordered dismissed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 4 -