MELVIN JAMES GARDIPEE, Petitioner, *v.* JAMES BLOD-GETT, Acting Wardent, et al., Respondent.

No. 81-175.
June 5, 1981.
631 P.2d 1270.

## ORDER

PER CURIAM:

Petitioner filed a petition for habeas corpus on April 20, 1981. This Court ordered a reply from the County Attorney of Cascade County and the Attorney General on April 28, 1981, and a response was filed on May 19, 1981.

The original petition of April 20, 1981, sets forth the background of this matter dating back to August 14, 1978, when petitioner was charged with the crimes of burglary and theft in the Eighth Judicial District, Cascade County, Montana. The record indicates that following the charges attorneys were appointed for petitoner, and the theft charge was dismissed. However, on October 2, 1978, the original information was amended, charging petitioner with the additional charges of (1) aggravated assault and (2) tampering with witnesses who were set forth on the information.

On November 20, 1978, petitioner entered a plea of guilty to the burglary charge, with a plea bargaining agreement dropping other charges. On December 28, 1978, he was sentenced to ten years in the State Prison and was designated a dangerous offender by the sentencing judge. No appeal was taken nor has there been any sentence review.

On June 1, 1979, action was begun by petitioner through a request to withdraw his plea of guilty on the grounds of insufficiency of counsel, breach by the State of a plea agreement and the lack of understanding of the consequences of the agreement, wherein he was classified a dangerous offender. The court received briefs from counsel, heard testimony and argument thereon and on October 31, 1979, denied petitioner's motion for withdrawal of plea but did change petitioner's status from a dangerous offender to a nondangerous offender for parole purposes.

Thereafter, petitioner filed the present petition, again asking to withdraw his plea or to be resentenced pursuant to the express terms of the plea agreement.

Several issues are set forth in the petition:

(1) Petitioner alleges that there is new evidence before the court which was not before the court on petitioner's motion to withdraw his plea of July 5, 1979.

(2) Petitioner alleges he was denied due process in sentencing.

(3) Petitioner alleges the State violated the terms of the plea agreement.

■ The first issue concerns the fact situation. A view of the record indicates no new or additional evidence that would entitle petitioner to a new hearing or any reversal by the District Court of its October 31, 1979, order. Petitioner shows no reason why the District Court abused its discretion in denying having presented no new facts, the issue is without merit. See *Gallagher v. Crist* (1976), 172 Mont. 51, 54, 560 P.2d 538, 539.

■ Petitioner next contends he was denied due process at the sentencing and should now be allowed to withdraw his plea because he did not understand the consequences of the plea.

This court stated in *Nelson v. State* (1964), 144 Mont. 439, 457, 397 P.2d 700, 709, that a judgment cannot be lightly set aside by collateral attack even on habeas corpus and that the judgment carries with it a presumption of regularity, and it is up to the petitioner to sustain his allegations by a preponderance of evidence.

Here, petitioner presents no evidence of any irregularities at the sentencing hearings. The record indicates that he appeared with his original counsel, Dan Donovan, who introduced testimony and made recommendation on petitioner's behalf. In addition, the court recognized that petitioner had witnesses on his behalf. Petitioner was aware of the presentence investigation which included his prior criminal record because the court questioned him on that record and he admitted the prior criminal offenses.

Petitioner states no grounds entitling him to withdraw the plea, and, as this Court previously said in *State v. Lewis* (1978), 177 Mont. 474, 483, 582 P.2d 346, 352, "[t]here is no set rule or stan-

dard which can be relied on in any given case where a motion is made to withdraw a guilty plea. [Citation omitted.] For that reason we must rely to a great extent on the discretion of the trial court. That discretion is subject to review only upon the showing of an abuse of discretion." We find no merit in petitioner's allegations on the second issue before the Court.

The third issue is whether the State violated the terms of petitioner's plea agreement. Petitioner alleges that the State's introduction of testimony and exhibits at his sentencing breached the plea agreement in which the State agreed to make "no sentencing recommendation." Petitioner relies solely upon *Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, where the Supreme Court said:

" . . . when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of inducement or consideration, such promise must be fulfilled." 404 U.S. at 262, 92 S.Ct. at 499.

This case is factually different from *Santobello*, and petitioner cites no case holding that the introduction of testimony and evidence at the sentencing hearing constitutes a "recommendation."

In view of the fact, however, that there is no positive point in law on the State's introduction of evidence at the sentencing, as here, the State has requested in fairness that a more equitable solution would be to allow petitioner to be resentenced pursuant to the express term of the plea agreement without any testimony or evidence introduced by the State or any statement by the prosecutor.

IT IS THEREFORE NOW ORDERED:

1. That petitioner's request to withdraw his guilty plea is denied;

2. That petitioner's sentence of December 28, 1978, be vacated and that he be resentenced pursuant to the terms of the plea agreement before a different judge.

MR. CHIEF JUSTICE HASWELL and JUSTICES HARRISON, SHEEHY, MORRISON and WEBER concur.