No. 81-269

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

GEORGE ALLEN,

Defendant and Appellant.

---

Appeal from: District Court of the Eleventh Judicial District,
In and for the County of Flathead
Honorable Robert Sykes, Judge presiding.

Counsel of Record:

For Appellant:

Sherlock and Nardi, Kalispell, Montana
Stephen J. Nardi argued and William E. Hileman argued,
Kalispell, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Ted O. Lympus, County Attorney, argued, Kalispell, Montana
Mark Higgins argued, student practioner, Missoula, Montana

---

Submitted: December 7, 1981

Decided: DEC 8 '81

Filed: DEC 30 1981

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant appeals from a judgment of the District Court convicting him of the crime of sexual assault following a plea of guilty, sentencing him to 20 years imprisonment, and denying his motion to set aside the sentence or to allow him to withdraw his plea of guilty.

The underlying issue in this case is whether the prosecuting attorney violated a plea bargain agreement thereby depriving defendant of due process of law.

On May 27, 1980, a complaint was filed in the Justice Court of Flathead County, Montana, charging defendant George Allen with two counts of sexual intercourse without consent and one count of incest. Defendant was arrested, bound over to the District Court on one count of sexual intercourse without consent, a felony, and bail was set in the amount of $45,000.

On July 14, an information was filed in the District Court of Flathead County charging the defendant with sexual intercourse without consent, a felony, involving a regular course of conduct with his daughter, age under 16, commencing in 1977 and continuing to and including September, 1979. Defendant appeared with counsel at the arraignment on July 15, 1980, at which time an amended information was filed charging defendant with sexual assault, a felony. Defendant entered a plea of guilty and was released on his own recognizance to permit his admission to the Veterans Hospital in Sheridan, Wyoming, for diagnosis and treatment of any physical or mental problem, and the hearing in aggravation or mitigation of punishment was continued pending completion of a treatment program and a report from that hospital.

On November 3, 1980, a sentencing hearing was held in aggravation or mitigation of punishment. On the same date judgment was entered finding the defendant guilty of sexual assault, sentencing him to 20 years imprisonment, designating him a nondangerous offender for parole purposes, committing him to

the Montana State Prison for a 45-day evaluation and report, and providing for further consideration of any possible suspension of sentence and incarceration prior to any probation.

On January 7, 1981, the defendant reappeared before the District Court with counsel and a further sentencing hearing was held. At the conclusion thereof the District Court entered an order finding that the prior sentence was reasonable and fair and left it unchanged.

On January 12, defendant petitioned the District Court to set aside the sentence or alternatively to be allowed to withdraw his plea of guilty on the ground that the prosecuting attorney failed to fulfill his promises made to the defendant in a plea bargain agreement dated July 2, 1980, thereby denying defendant due process of law. On April 10, 1981, the District Court made findings of fact and conclusions of law and entered an order denying defendant's petition. This appeal followed.

The record before us indicates that defendant's counsel sent the following letter dated July 2, 1980, to the prosecuting attorney prior to the filing of the amended information and entry of defendant's plea of guilty:

"Mr. Ted O. Lympus
County Attorney
P. O. Box 1516
Kalispell, Montana 59901

"RE: George Allen

"Dear Ted:

"As per our conversation in your office on Monday I am writing this letter to confirm our agreement in the above-entitled matter.

"It is my understanding that your office would be willing to accept a plea to one count of sexual intercourse without consent from my client and in return would recommend to the court that Mr. Allen receive a suspended sentence for a period of ten to fifteen years and that said suspension be conditional upon his attending and completing a treatment program at the Veterans Hospital in Sheridan, Wyoming, for whatever time period they deem appropriate and necessary. It is my understanding that your office will not present testimony in aggravation of sentence nor oppose a withdrawal of the guilty plea should our agreement not be followed by the court.

- 3 -

"If you have any additions or corrections please don't hesitate to contact me at any time.

"Sincerely,

"DALEY, SHERLOCK & NARDI

"By:

"SJN:bra

"bcc: William E. Hileman, Jr., Esq."

The prosecuting attorney acknowledges he made no written response to this letter. The defendant's attorney advised the District Court at the final hearing that the agreement was orally amended to allow defendant to enter a plea of guilty to "sexual assault" and that the recommendation was to be that his entire sentence be suspended. The prosecuting attorney stated at the time that he didn't know what would be a good disposition at that time and that the information was amended because the original charge required a mandatory two-year prison sentence which deprived defendant of the opportunity to show the judge that he should not be incarcerated. The prosecuting attorney further stated that it was his understanding that both attorneys would recommend the Fort Sheridan facility as their expectation was that there they could find out what would be proper. He further stated that the "Fort Sheridan thing" did not work out and they were back in court for the sentencing. He stated that he did not think the State had presented aggravation testimony at the sentencing hearing.

The record shows that the District Court advised the defendant prior to accepting his plea of guilty that it would not be bound by any agreement between the county attorney, defense counsel or the defendant. The District Court indicated its sentence was not dependent on any aggravating or mitigating circumstances submitted at that time and stated the reasons for its sentence. On appeal, defendant contends that he was induced to enter a plea of guilty whereby he was to receive a suspended sentence because the prosecutor agreed to a suspended sentence con-

- 4 -

ditional on defendant's completion of a treatment program at the Veterans Hospital in Sheridan, Wyoming, and that the prosecutor agreed not to present evidence in aggravation of sentence nor oppose withdrawal of the guilty plea if their agreement was not followed by the court. Defendant claims he fulfilled the agreement on his part and the prosecution violated this agreement. The State disputes this.

The day is long past for credible argument against plea bargaining as a component of the criminal justice system in this country. No less authority than the United States Supreme Court so held at least 10 years ago:

> "The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities." Santobello v. New York (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. See also Brady v. United States (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.

However, plea bargain agreements presuppose fundamental fairness in securing such agreements between the accused and the prosecutor:

> "This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, supra.

In accord: Gardipee v. Blodgett (1981), _____Mont._____, _____P.2d _____, 38 St.Rep. 909.

Prosecuters who engage in plea bargaining must meet strict and meticulous standards of both promise and performance as a plea of guilty resting in any significant degree on an unfulfilled plea bargain is involuntary and subject to vacation.

Correale v. United States (1st Cir. 1973), 479 F.2d 944. Prosecutorial violations, even if made inadvertently or in good faith to obtain a just and mutually desired end, are unacceptable. Correale v. United States, supra; Santobello v. New York, supra.

In this case both parties acknowledge the existence of a plea bargain of some kind. The problem is that there is an unresolved factual dispute concerning both the terms of the plea bargain agreement and whether the prosecutor violated the agreement. Specifically, were the terms of the agreement set forth in the July 2 letter of defense counsel to the prosecutor complete and agreed to by the prosecutor? Was the agreement orally amended by some further agreement between the prosecutor and defense counsel at or near the time the amended information was filed? What promise was made by the prosecutor and what did the defendant understand the promise to be when he entered a plea of guilty to the amended charge? Did any unfulfilled promise of the prosecutor induce the defendant to enter a guilty plea or only affect the sentence imposed? Did the prosecutor violate the plea bargain by his conduct at the sentencing hearing?

These unresolved factual issues rest upon the intent of the parties and must be resolved by the District Court in an evidentiary hearing for that purpose. United States v. Arnett (9th Cir. 1979), 628 F.2d 1162.

Accordingly, we remand to the District Court of Flathead County for an evidentiary hearing in conformity with this opinion with directions to enter findings of fact, conclusions of law and order and certify the same to this Court with transcript for review. We retain jurisdiction of this appeal for that purpose.

_____
Chief Justice

- 6 -

We concur:

_George B. Daly_

_Daniel J. Shea_

_____

_John C. Sheehy_

Justices