NO.  91-259

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

THE STATE OF MONTANA,

   Plaintiff and Respondent,

 -vs-

LAWRENCE EDWARD OWENS,

   Defendant and Appellant.



APPEAL FROM: District Court of the Eighth Judicial District,
      In and for the County of Cascade,
      The Honorable Joel G. Roth, Judge presiding.


COUNSEL OF RECORD:

   For Appellant:

     Billy B. Miller, Attorney at Law, Great Falls,
     Montana

   For Respondent:

     Hon. Marc Racicot, Attorney General, George Schunk,
     Assistant Attorney General, Helena, Montana
     Patrick L. Paul, Cascade County Attorney,
     Stephen Hagerman, Deputy County Attorney, Great
     Falls, Montana


      Submitted on Briefs:  February 20, 1992

          Decided:  August 20, 1992

Filed:

_____
      Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant appeals the sentences and judgment of the District Court of the Eighth Judicial District, Cascade County, sentencing him to 25 years in prison for theft and forgery. The basis for defendant's appeal is the State's alleged failure to honor a plea agreement.

Defendant was charged in two informations, alleging theft and forgery. The charges were brought separately and assigned to different judges. Defendant and the Cascade County Attorney's office entered into a plea agreement on February 2, 1991, that encompassed both charges. The plea agreement states in pertinent part:

> (1) Defendant agrees to plead guilty to the charge of THEFT, A FELONY and FORGERY, A FELONY.

> (2) In return, the County Attorney will recommend a 15 year sentence for both charges and agrees to not designate the Defendant as a persistent offender.

Defendant entered a change of plea to the forgery charge on February 27, 1991. At that hearing, the District Judge asked about the recommendation the prosecution intended to give at sentencing. The court asked if the defendant's understanding was that the State's recommendation would be for a total of 15 years for the two charges, the sentences running concurrently. Defendant replied that that was his understanding, and the State did not contest defendant's conclusion. The court accepted defendant's change of plea and set sentencing for March 28, 1991.

Defendant appeared for sentencing before Judge McKittrick on the scheduled date. The prosecution was asked for its recommendation. The State recommended the defendant be sentenced to 15 years imprisonment on the forgery charge, with five years suspended. The State noted that the defendant was to be sentenced on the theft charge by Judge Roth immediately following Judge McKittrick's sentence on the forgery charge. The prosecution stated that if its recommendation on the forgery charge was followed, that it would recommend a ten-year sentence with five years suspended on the theft charge to run consecutively with the forgery charge. Thereafter, the court sentenced the defendant to 15 years imprisonment with five years suspended.

Immediately following sentencing on the forgery charge, the defendant appeared before Judge Roth for sentencing on the theft charge. The court asked for a recommendation from the State. The State recommended that the defendant receive a ten-year sentence with five years suspended, to be served consecutively to the previous sentence. The prosecutor stated that the net effect of the sentence would be a 15-year sentence.

The court then asked the defendant if he wished to make a statement regarding the sentence. The following discussion took place:

> THE DEFENDANT: I have one thing to say, your Honor. I signed a Plea Agreement in **as** much as I would get 15 years in both courts, this Court would sentence me to 15 and that Court with 15 with the understanding they would both run concurrently. My understanding was not that if one court didn't give me 15 years, that the other Court should give me 15 years consecutively. Do you follow

what I'm saying?  I signed the Plea Agreement for concurrent sentence, and I would ask the Court that any sentence I get would run concurrent with the sentence that I just received across the hall, instead of consecutive.  My understanding of the Plea Agreement is that I receive concurrent sentences, not consecutive sentences.

THE COURT:  Do you have the Plea Agreement in front of you, Steve?

PROSECUTOR:  Yeah, I do, your Honor.

THE COURT:  Could you read the provision he is talking about?

PROSECUTOR:  It's not what he is saying.  First, "Defendant agrees to plead guilty to the charge of theft, a felony, and forgery, a felony."  Of course, those were in two different courts.  Two, "In return, County Attorney would recommend 15-year sentence with both charges and agrees not to designate Defendant as persistent offender."

THE DEFENDANT:  Your Honor, the way that's worded and it was asked across the hall when I changed my plea, Judge McKittrick asked if they were to run concurrently.  They did say yes.  Lady from the County Attorney's Office said any sentence I would be given in either court would run concurrent, not consecutive.

Following further discussion, the District Court sentenced the defendant to ten years in the Montana State Prison, with five years suspended.  The sentence was ordered to run consecutively with the prior sentence, so that defendant received a combined 25 year sentence, with ten years suspended.  From the sentences, defendant appeals.

The defendant contends that the State violated the terms of the plea agreement, and deprived him of his due process rights.  Specifically, defendant contends that the plea agreement reached

4

between the parties was that the defendant would receive no more than a 15-year sentence on both counts.  Instead, defendant received a 25-year sentence, with ten years suspended.  Defendant asserts that he stated his understanding of the plea agreement in court at his change of plea hearing.  At that time, defendant stated that the agreement was that the sentences were to run concurrently, and the State did not dispute defendant's contention.  However, in the sentencing hearings on the theft charge, the State recommended a consecutive sentence to the sentence for forgery, which the court followed over the defendant's objection.

It is clear from the discussion that occurred in Judge McKittrick's court that defendant believed the agreement contemplated concurrent sentencing, and that the State did not disagree.  The court asked the defendant what he understood the State's recommendation to be, and the following dialogue took place:

THE DEFENDANT:  Fifteen years for both counts.

THE COURT:  **And** that's concurrent or consecutive?

MR. MILLER:  Your Honor, as you noticed, we have two cases here.  One case is in Judge McCarvel's court -- Judge Roth's court and one case is in your court. . . . And basically, he has entered a plea in that area, and the 15 years is for both charges, pursuant to the plea agreement.

THE COURT:  Concurrent?

MR. MILLER:  Well, yes, basically because the 15 years is going to be for both charges, not 15 years per charge to run concurrent, they're going to recommend a flat 15 years for both counts then.

5

THE COURT:  Well, there has got to be a specific sentence on each case.

MR. MILLER:  Yes.

THE COURT:  I assume it's 15 years concurrent.

MR. MILLER:  It would be basically concurrent, you're right.

THE COURT:  Is that your understanding?

MS. SCHULKE:  Your Honor, this is Mr. McAllister's case, and if Mr. Miller says . . .

THE COURT:  There is no language in here to clarify.

MS. SCHULKE:  It's not clear.

MR. MILLER:  But that basically is the understanding, your Honor.

MS. SCHULKE:  We'll recommend a total of 15 years for the two charges.

THE COURT:  Mr. Owens, is that your understanding, it's going to be a concurrent sentence?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Anything else, any other promises?

THE DEFENDANT:  No.

It is clear from the foregoing discussion that the parties agreed to concurrent sentences for the two charges.  The State tacitly agreed to the concurrent sentence; it cannot claim that its silence as to the sentence acts as anything but an agreement.  The defendant premised his guilty plea on the agreement by the State that his sentences would run concurrently.  In *Santobello* v. **New York** (1971), 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427, the Supreme Court held that:

> [The plea-bargaining] phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.
>
> On this record, petitioner "bargained" and negotiated for a particular plea in order to secure dismissal of more serious charges, but also on condition that no sentence recommendation would be made by the prosecutor. It is now conceded that the promise to abstain from a recommendation was made, and at this stage the prosecution is not in a good position to argue that its inadvertent breach of agreement is immaterial. The staff lawyers in a prosecutor's office have the burden of "letting the left hand know what the right hand is doing" or has done. That the breach of agreement was inadvertent does not lessen its impact.

*Santobello,* 404 U.S. at 262.

In this case, the prosector at the change of plea hearing before Judge McKittrick agreed that the sentences were to be imposed concurrently. However, a different prosecutor recommended that they be served consecutively before Judge Roth. The defendant entered his plea of guilty after it was determined that the State would recommend concurrent sentences. Clearly, the prosecution's initial agreement that the sentences would run concurrently was part of the inducement or consideration for the defendant's decision to plead guilty.

The defendant **"bargained"** for concurrent sentences totalling 15 years. Instead, he received consecutive sentences totalling 25 years, with ten years suspended. The two sentences are not the same. Once the defendant has discharged his prison sentence, the

7

latter sentence continues to impose upon him ten more years of the restraints on freedom that often accompany a suspended sentence. These include the defendant's acquiescence to searches at all hours of his domicile and person, and restrictions on his travel and associations.

This Court stated in *State v. Allen* (1981), 197 Mont. 64, 69, 645 P.2d 380, 382:

> Prosecutors who engage in plea bargaining must meet strict and meticulous standards of both promise and performance as a plea of guilty resting in any significant degree on an unfulfilled plea bargain is involuntary and subject to vacation. *Correale v. United States* (1st Cir. 1973) 479 F.2d 944. Prosecutorial violations, even if made inadvertently or in good faith to obtain a just and mutually desired end, are unacceptable. *Correale v. United States,* supra: *Santobello v. New York* [Citation omitted].

> In this case both parties acknowledge the existence of a plea bargain of some kind. The problem is that there is an unresolved factual dispute concerning both the terms of the plea bargain agreement and whether the prosecutor violated the agreement. . . . Was the agreement orally amended by some further agreement between the prosecutor and defense counsel . . .? What promise was made by the prosecutor and what did the defendant understand the promise to be when he entered a plea of guilty to the amended charge? Did any unfulfilled promises of the prosecutor induce the defendant to enter a guilty plea or only affect the sentence imposed? Did the prosecutor violate the plea bargain by his conduct at the sentencing hearing?

> These unresolved factual issues rest upon the intent of the parties and must be resolved by the District Court in an evidentiary hearing for that purpose. *United States v. Arnett* (9th Cir. 1979), 628 F.2d 1162.

This Court further stated in *State v. Dinndorf* (1983), 202 Mont. 308, 311, 658 P.2d 372, 373 that:

8

August 20, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order **was** sent by United States mail, prepaid, to the following named:


Billy B. Miller
ATTORNEY AT LAW
600 Central Plaza, Suite 300
Great Falls, MT  59401

Hon. Marc Racicot, Attorney General
George Schunk, Asst. Attorney  Gen.
Justice Building
Helena, MT  59620

Patrick Paul, Cascade County Attorney
Stephen Hagerman, Deputy County Attorney
Cascade County Courthouse
Great Falls, MT  59401

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy