No. 96-412

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

LAWRENCE R. SHEPPARD,

      Defendant and Appellant.

FILED

FEB 13 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Ted L. Mizner, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Lawrence R. Sheppard, Pro Se, Deer Lodge,
          Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
          Jennifer Anders, Assistant Attorney General,
          Helena, Montana

          Christopher Miller, Powell County Attorney, Deer
          Lodge, Montana

Submitted on Briefs: January 30, 1997

Decided: February 13, 1997

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result in State Reporter Publishing Company and West Publishing Company.

Lawrence R. Sheppard (Sheppard), appearing pro se, appeals from the order of the Third Judicial District Court, Powell County, denying his request for correction of his escape sentence. We affirm.

The sole issue on appeal is whether Sheppard is entitled to correction of his felony sentence for escape.

In 1994, the State of Montana (State) charged Sheppard with committing the offense of escape, in violation of § 45-7-306, MCA, by knowingly removing himself from the Montana State Prison (MSP). On June 10, 1994, Sheppard pleaded guilty to the charge, admitting that he knowingly removed himself from official detention. On that basis, the District Court convicted him of the offense of escape and imposed a three-year sentence at the MSP, to run consecutively to the term Sheppard was serving at the time, under the felony sentencing provisions of § 45-7-306, MCA. Sheppard did not appeal.

On August 18, 1994, Sheppard moved to withdraw his guilty plea. The District Court denied the motion on the basis that Sheppard had not established good cause for withdrawal of the plea.

On March 14, 1996, Sheppard filed a pro se document with the

2

District Court captioned "Motion for Correction of Sentence" which he based on § 46-18-117, MCA. While he still admitted to the facts constituting the escape charge, Sheppard contended that the District Court had improperly imposed a felony sentence when he should have been sentenced for misdemeanor escape. The asserted basis for that contention was this Court's decision in State v. Nelson (1996), 275 Mont. 86, 910 P.2d 247.

After the State responded to his initial filing, Sheppard filed a "Motion for Correction of Sentence or Habeas Petition Post-Conviction Relief." He subsequently filed another document captioned in the same alternative manner.

The District Court held a hearing at which Sheppard testified. Thereafter, it concluded that Sheppard properly was sentenced under the felony sentencing provisions of § 45-7-306, MCA, and denied the requested correction of Sheppard's sentence. Sheppard filed a timely notice of appeal.

Is Sheppard entitled to correction of his felony sentence for escape?

While originally captioned a motion for correction of sentence pursuant to § 46-18-117, MCA, Sheppard himself subsequently changed the caption to reflect the alternative bases of motion for correction of sentence, petition for habeas corpus, or petition for postconviction relief. In any event, we are not bound by a party's characterization of a pleading or motion. Moreover, since the law applicable to relief under these various methods of proceeding may differ significantly, we must first determine the nature of Sheppard's filing with the District Court.

3

Sheppard challenged the validity of his felony sentence for the offense of escape. Under Montana law, collateral attacks to the validity of a sentence--whether on constitutional, statutory or jurisdictional bases--are within the purview of §§ 46-21-101 et seq., MCA, Montana's postconviction relief statutes. Indeed, § 46-21-101, MCA, specifically provides that, under the circumstances set forth therein, a person may petition the court that imposed the sentence "to vacate, set aside, or correct the sentence . . . ." The Commission Comments to § 46-21-101, MCA, further clarify that the purpose of the statute is to consolidate all remedies beyond those incident to usual trial and review procedures which previously were available for challenging the validity of a sentence of imprisonment.

Sheppard's effort to challenge the validity of his sentence--brought some 21 months after the conviction and sentence on his guilty plea to the escape offense charged--clearly was beyond those incident to usual trial and review procedures; as such, it constitutes a collateral attack. Therefore, we deem Sheppard's motion a petition for postconviction relief and address it accordingly.

Petitions for postconviction relief are subject to a variety of statutory limitations. For example, they must be filed within five years of the date of the conviction. See § 46-21-102, MCA. Sheppard's petition, filed less than two years after his conviction, clearly was timely under § 46-21-102, MCA.

Section 46-21-105(2), MCA, provides:

4

When a petitioner has been afforded a direct appeal of the petitioner's conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in the original or amended petition [for postconviction relief].

In Kills on Top v. State (1995), 273 Mont. 32, 59, 901 P.2d 1368, 1385, we stated unequivocally that § 46-21-105(2), MCA, "clearly establishes a procedural bar to postconviction claims that could have been raised on direct appeal." Indeed, we overruled therein an earlier case which might have been construed as standing for the proposition that issues which could have been raised on direct appeal, but were not, could be reviewed in postconviction proceedings. Kills on Top, 901 P.2d at 1386-87.

Here, the sentencing issue Sheppard raises via his petition for postconviction relief could have been raised on appeal. While criminal defendants who plead guilty cannot ordinarily appeal from their convictions, an appeal is available where a sentencing error is asserted which does not affect or attempt to invalidate the underlying plea. See, e.g., State v. Owens (1992), 254 Mont. 224, 836 P.2d 595; State ex rel. Greely v. Dist. Ct. of 4th Jud. Dist. (1979), 180 Mont. 317, 590 P.2d 1104. That is precisely the situation presently before us. Thus, while Sheppard could not have appealed from the escape conviction on his guilty plea admitting to the facts which formed the basis for the charge, he could have appealed the sentence imposed under the felony sentencing provisions of § 45-7-306, MCA.

Sheppard seeks to raise now--via petition for postconviction relief--a basis for relief that could reasonably have been raised

on direct appeal; § 46-21-105(2), MCA, expressly precludes him from doing so. We conclude that Sheppard is procedurally barred by § 46-21-105(2), MCA, from raising his claim of error in sentencing. On that basis, we hold that the District Court did not err in denying the relief requested.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6