JUSTICE TRIEWEILER
specially concurring.
I concur with the majority’s conclusion that the District Court abused its discretion when it denied the defendant’s motions to withdraw his guilty plea. Therefore, I concur in the result of the majority opinion.
However, I also agree that based on simple notions of fairness, and our prior decision in State v. Allen (1981), 197 Mont. 64, 645 P.2d 380, “[p]rosecutors who engage in plea bargaining must meet strict and meticulous standards of both promise and performance as a plea of guilty resting in any significant degree on an unfulfilled plea bargain is involuntary and subject to vacation.” Allen, 197 Mont. at 69, 645 P.2d at 382.
I conclude that when guilty pleas are induced by promises from one agent of the State to recommend a suspended sentence, and that recommendation is then rendered meaningless because another agent of the State makes a contrary recommendation, the State has not met “strict and meticulous standards of both promise and performance.” Therefore, I do not agree with the majority’s conclusion that “when a probation officer recommends a sentence different from that contained in a plea agreement, this does not constitute breach of the plea agreement by the prosecutor.” Furthermore, to the extent that our prior decisions in State v. Yother (1992), 253 Mont. 128, 831 P.2d 1347, and State v. Milinovich (1991), 248 Mont. 373, 812 P.2d 338, hold otherwise, I would reverse those decisions.
What sense does it make to pay lip service to the principle that an accused person has a right to rely on material representations made to him or her as an inducement to enter into a plea agreement, but then allow the practical effect of that inducement to be circumvented by permitting another agent of the same government to do just the opposite of what was promised to the defendant? Is there any question whose recommendation the district judge will take more seriously? Because of that practical reality, what benefit did Bowley get from pleading guilty?
In this case, Bowley pled guilty based on a promise, made by the agent of the State who was responsible for prosecuting him, that a suspended sentence would be recommended. After he signed the plea agreement, and purportedly based on a subsequent investigation, another agent of the State filed a report with the District Court recommending that he serve five years in prison. If, in fact, informa *314 tion such as a prior probation, the failure of prior treatment, and involvement in the federal criminal justice system were learned subsequent to the agreement but could not have been known at the time of the agreement, then the remedy for the State was to repudiate the agreement based on mistake and allow Bowley to withdraw his guilty plea. No principle of fairness or contract law allows the State to retain the benefit of its agreement and avoid its obligation. That is what would have happened in this case had the District Court’s refusal to allow Bowley to withdraw his guilty plea not been reversed on other grounds. I would not sanction that kind of shell game.
For these reasons, while I concur with the result of the majority opinion, I do not agree with all that is said therein.
JUSTICE HUNT joins in the foregoing specially concurring opinion.