No. 97-449

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 310N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

CARLA COLORES,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Scott Albers, Attorney at Law; Great Falls, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; C. Mark Fowler,

Assistant Attorney General; Helena, Montana

Brant Light, Cascade County Attorney; Susan Weber,

Deputy County Attorney; Great Falls, Montana

Submitted on Briefs: October 1, 1998

Decided: December 15, 1998

Filed:

No

_____

Clerk


Justice Jim Regnier delivered the opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Carla Colores appeals from her sentence entered by the District Court for the Eighth Judicial District, Cascade County, on May 8, 1997. After pleading guilty to mitigated deliberate homicide in a nonbinding plea agreement, Colores was sentenced to forty years in the Montana State Prison with an additional ten years to run consecutively for the use of a weapon. Colores claims the prosecution breached an oral agreement during the sentencing and in fairness she is entitled to a second hearing. We affirm.**

**¶3. The dispositive issue on appeal is whether Colores waived her complaints regarding the prosecutor's conduct at the hearing by failing to timely object in the District Court.**

## FACTUAL BACKGROUND

**¶4. Colores appeals her sentence on the grounds that the State breached its oral agreement and violated her constitutional rights. She alleges that her attorney and the prosecutor made an off-the-record oral agreement during a recess of the sentencing hearing wherein the State promised to present no further testimony or evidence and to rest its case. In return, Colores agreed to limit her evidence to her own testimony and that of her mother.**

**¶5. Colores argues that the State breached the agreement. She contends that after she presented her limited evidence, the State, in its closing remarks at the sentencing, introduced new matters when one of the prosecutors presented a summary of**

statements made earlier by Colores regarding the crime. Defense counsel did not object to the presentation. The prosecutor then told the court that Colores gave inconsistent statements. Defense counsel objected to this on proper foundation. The State completed its summation, then rested. Defense counsel made no motion or objection but began his closing remarks.

¶6. Colores now complains that the evidence was in direct violation of the oral agreement to her prejudice. She further asserts that the evidence was admitted without foundation, was hearsay, and left her in an untenable position where she could not rebut the evidence since she had dismissed her other witnesses pursuant to her agreement with the State. Colores argues she was forced to make a difficult tactical decision: (1) raise an objection and thus shift the focus of the hearing from a determination of her sentence to a legal dispute over the oral agreement, or (2) simply ignore the breach and go forward with the hearing and hope to minimize the potential damage to her position. Colores argues that she chose the second option by objecting to the State's evidence only on an evidentiary basis. Colores now asserts in this Court that the State's breach of the agreement not only caused her a longer sentence, it violated her constitutional rights to confront witnesses, effective assistance of counsel, and due process. She requests a second hearing.

## DISCUSSION

¶7. Did Colores waive her complaints regarding the prosecutor's conduct at the hearing by failing to timely object in the District Court?

¶8. There is no question that Colores failed to raise these matters in the District Court. The record discloses that Colores failed to object when the State made its argument and sentencing recommendation. There was never an objection or argument raised in the District Court that the proceeding violated Colores's right of confrontation or denied her due process or effective assistance of counsel. Moreover, after both sides completed their presentations at sentencing, the District Court specifically inquired whether there was any legal reason why the court could not proceed with sentencing. The defense replied that there was none.

¶9. This Court will not consider issues raised for the first time on appeal when a party had the opportunity to make an objection at the trial level. *See* § 46-20-104(2), MCA; *State v. Weeks* (1995), 270 Mont. 63, 86, 891 P.2d 477, 491; *State v. Webb*

(1992), 252 Mont. 248, 251, 828 P.2d 1351, 1353. Colores nonetheless refers our attention to *State v. Allen* (1981), 197 Mont. 64, 645 P.2d 380, as support for her position that we should consider the issue of whether an enforceable agreement existed between her and the State, and whether the State breached the agreement. In *Allen*, we held that an unresolved factual dispute concerning the terms of a written plea bargain agreement and the issue of whether the prosecutor violated the agreement should be remanded to the District Court. Unlike Colores's claim, however, the defendant in *Allen* properly preserved this issue for appeal. The defendant petitioned the district court to set aside the sentence or, alternatively, to be allowed to withdraw his plea of guilty on the ground that the prosecuting attorney failed to fulfill his promises made in a plea bargain. *See Allen*, 197 Mont. at 66, 645 P.2d at 381. Colores failed to do this.

¶10. Colores next resorts to the doctrines of equitable and judicial estoppel to relieve her of the responsibility to register a timely objection in the District Court. Neither apply under the facts of this case. In essence, she argues that the State should be equitably or judicially estopped from claiming that the error was not properly preserved because the State breached the agreement and caused her to change her position to her detriment. She cites no authority, however, to support her position that either equitable or judicial estoppel can excuse a party's responsibility to properly raise objections in a district court criminal proceeding in order to preserve the issue on appeal.

¶11. Colores also argues that the plain error doctrine should be applied here. We invoke the plain error doctrine sparingly where a defendant's fundamental constitutional rights are implicated and our failure to review may result in a manifest miscarriage of justice, leave unsettled questions of fundamental fairness, compromise the judicial process, or where the error falls within the ambit of § 46-20-701(2), MCA. *See State v. Finley* (1996), 276 Mont. 126, 137, 915 P.2d 208, 215. This case does not present the type of extraordinary circumstances that persuade us to invoke the plain error doctrine, nor does § 46-20-701(2), MCA, apply.

¶12. Lastly, we will not remand this matter for a new sentencing hearing on the grounds that the District Court incorrectly overruled Colores's objection on evidentiary grounds. We review a district court's sentencing decision for legality only and will not disturb the decision unless the district court abused its discretion. *See State v. DeSalvo* (1995), 273 Mont. 343, 346, 903 P.2d 202, 204. We conclude that the

**District Court did not abuse its discretion in admitting the evidence and further note that the rules of evidence are not applicable or controlling in sentencing hearings.** *See DeSalvo*, **273 Mont. at 349-50, 903 P.2d at 206.**

**¶13. Affirmed.**

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.