JUSTICE GRAY,
concurring in part and dissenting in part.
¶39 I agree with the Court that the District Court abused its discretion in not allowing Sanders to withdraw his guilty plea, but join in Justice Nelson’s special concurring opinion which relates to the actual rule of law in Bowley.
¶40 I write separately, however, to question the alternative relief granted to Sanders by the Court. Sanders attempted to withdraw his guilty plea, and we have held that the District Court erred in refusing to allow him to do so. Under that circumstance, the sole appropriate relief seemingly would be to remand to the District Court with instructions to allow Sanders to withdraw the plea and for further proceedings consistent therewith. Instead, the Court adds an alternative on remand via which Sanders is given the option of requiring the District Court to sentence him in accordance with the plea agreement. From a logic standpoint, this simply does not follow. Sanders is entitled to the relief he sought when he attempted to withdraw his guilty plea in the District Court — that is, the withdrawal of his plea. He is not entitled, though, to “have his cake and eat it, too” by being given control over whether to withdraw his plea or force sentencing in accordance with the plea agreement. Once we have determined that the District Court erred in refusing to allow withdrawal of the guilty plea, the substantive issue before us has been resolved, Sanders must be allowed to withdraw his plea, and there is no plea agreement left to be enforced.
¶41 In addition, the plea agreement in this case was not binding on the District Court in the first instance. The agreement merely provided that in exchange for Sanders’ agreement to plead guilty to one charge, the State would dismiss another charge and make a certain sentencing recommendation. By providing the alternative option to *551 Sanders on remand, we are giving Sanders more than he bargained for: he is allowed to force compliance with what was only to be a recommended sentence, not binding on the District Court, and still benefit from the State’s dismissal of a felony assault charge.
¶42 The authority cited by Sanders for the alternative relief request — while not mentioned by the Court — is Bowley, and it is true that we granted such alternative relief in that case. See Bowley, 282 Mont. at 312, 938 P.2d at 600. We did not explain the basis for that grant of alternative relief, however, and I am concerned that we not establish a line of precedent here under which every ultimately successful request to withdraw a plea results in the defendant being able to force sentencing in accordance with a plea agreement never binding on the sentencing court in the first instance.
¶43 In Bowley, we “consolidated” unspecified issues into one issue on appeal, namely, whether the district court abused its discretion in not allowing the defendant to withdraw his guilty plea. Bowley, 282 Mont. at 301, 938 P.2d at 593. We then applied the usual factors pertaining to whether good cause existed for withdrawal of the plea, including whether the prosecution complied with the plea agreement in making its sentencing recommendation, concluded all the factors weighed in Bowley’s favor, and held that the district court had abused its discretion. Bowley, 282 Mont. at 305-12, 938 P.2d at 596-600. We then noted what we characterized as Bowley’s suggestion that, on remand, the district court should either allow him to withdraw his guilty plea or, alternatively, sentence him in accordance with the plea agreement. We followed that “suggestion” and instructed the district court accordingly, but without explaining why.
¶44 An examination of the briefs in Bowley reflects that the first issue raised by Bowley was whether the district court erred in refusing to allow him to withdraw his guilty plea. In the event we determined error had occurred in that regard, Bowley requested that he be allowed to withdraw his guilty plea. The second issue raised by Bowley was that, if we determined he was not entitled to withdraw his guilty plea, he was entitled to be sentenced in accordance with the plea agreement as a result of the prosecution’s breach of the plea agreement provision regarding the sentence to be recommended. In other words, Bowley did not actually suggest that he was entitled to both forms of relief; he argued first that he should be allowed to withdraw his plea and second, if he were not allowed to withdraw the plea, that he should be sentenced pursuant to the plea agreement based on the *552 prosecution’s breach. By consolidating the issues and mischaracterizing his “suggestion” for alternative relief, we apparently — and inadvertently — lost track of the distinction Bowley himself had made. At very least, we should clarify this portion ofBowley.
¶45 An argument can be made for the proposition that, when the prosecution breaches a plea agreement, the only fair result is to “punish” the prosecution for failing to meet the “strict and meticulous standards of both promise and performance” regarding plea agreements which we have determined must be met (see, e.g., Bowley, 282 Mont. at 311, 938 P.2d at 599 (citations omitted)) by requiring resentencing in accordance with the plea agreement, regardless of the fact that the agreement was not binding on the sentencing court at the outset. Perhaps such a proposition properly could be applied in cases where the only issue raised on appeal was that the prosecution breached the agreement and the only remedy sought was resentencing in accordance with the plea agreement, so that the defendant got what he or she bargained for (see State v. Owens (1992), 254 Mont. 224, 836 P.2d 595), as well as cases like Bowley and the present case which involve efforts to withdraw a plea based in part on the prosecution’s breach of a plea agreement. In my view, however, the “punishment” proposition cannot properly be applied in an ordinary withdrawal of guilty plea case which does not involve a breach of the plea agreement by the prosecution.
¶46 The problem with the Court’s decision to give Sanders control of the situation on remand is that the Court does not advance a rationale for its decision. Absent such a rationale, I cannot join in that portion of the decision because I do not know the basis on which the decision has been made. This case aside, however, my concern is that the Court is creating unnecessary confusion over when the “alternative options” will be applicable, and this confusion will come back to haunt both litigants and this Court.
¶47 For these reasons, while I agree that the District Court abused its discretion in refusing to allow Sanders to withdraw his plea, I join in Justice Nelson’s restatement of the rule of law in Bowley and dissent from the alternative forms of relief the Court grants to Sanders.
CHIEF JUSTICE TURNAGE and JUSTICE NELSON join in the foregoing.