No. 92-604

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

NORMAN LEE STEVENS,

        Defendant and Appellant.

FILED

JUN 21 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Timothy J. Lape, Attorney at Law, Missoula
        Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General, Barbara
        Harris, Assistant Attorney General, Helena, Montana
        Robert L. Deschamps, III, Missoula County Attorney,
        Betty Wing, Deputy Missoula County Attorney,
        Missoula, Montana

Submitted on Briefs: June 1, 1993

Decided: June 21, 1993

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Norman L. Stevens appeals from certain sentencing provisions contained in a judgment entered by the Fourth Judicial District Court, Missoula County. We reverse and remand.

The dispositive issue on appeal is whether the District Court failed to properly sentence the defendant under applicable sentencing statutes.

Norman L. Stevens was charged in an October 8, 1992 Second Amended Information with two counts of felony sexual assault alleged to have been committed in July and August, 1991. He pled guilty. A presentence investigation report was ordered and received and a sentencing hearing was held. Thereafter, the District Court sentenced Stevens to a term of twenty years' imprisonment in the Montana State Prison on each count, the sentences to run concurrently; ten years of each sentence was suspended on specific conditions of probation. Judgment was entered on the conviction and sentence. Stevens appeals.

Did the District Court err in failing to properly sentence the defendant under applicable sentencing statutes?

Criminal sentencing alternatives are strictly matters of statute in Montana. Certain statutes also impose affirmative obligations on a sentencing court. Here, the parties agree that the District Court erred in failing to sentence Stevens in accordance with applicable statutes, namely §§ 46-18-201, 46-18-223, and 46-18-225, MCA.

It is undisputed that Stevens is a nonviolent felony offender

2

pursuant to the statutory definition contained in § 46-18-104(3), MCA, of "a person who has entered a plea of guilty to a felony offense other than a crime of violence or who has been convicted of a felony offense other than a crime of violence." It also is clear that § 46-18-201(10), MCA, imposes certain obligations on a court sentencing such an offender:

> In sentencing a nonviolent felony offender, the court shall first consider alternatives to imprisonment of the offender in the state prison, including placement of the offender in a community corrections facility or program. In considering alternatives to imprisonment, the court shall examine the sentencing criteria contained in 46-18-225. If the offender is subsequently sentenced to the state prison or a women's correctional facility, the court shall state its reasons why alternatives to imprisonment were not selected, based on the criteria contained in 46-18-225.

Nothing in the judgment or the remainder of the record before us indicates that the court considered alternatives to imprisonment in sentencing Stevens, as required by § 46-18-201(10), MCA. Nor, in sentencing Stevens to the state prison, did the District Court meet the second requirement of § 46-18-201(10), MCA, namely, that it state its reasons why alternatives to imprisonment were not selected. Finally, the judgment does not affirmatively reflect that the criteria contained in § 46-18-225, MCA--which pursuant to that statute's terms and the language of § 46-18-201(10), MCA, quoted above--were taken into account by the court in any manner.

In addition, Stevens specifically raised the issue of the court's authority, pursuant to § 46-18-222(6), MCA, to except him from the mandatory minimum sentence otherwise provided by law for a person convicted of felony sexual assault; he did so in a

3

"sentencing memorandum" dated prior to the sentencing hearing. The District Court did not refer to or address this issue in its judgment.

We hold that the District Court failed to properly sentence the defendant under applicable sentencing statutes. Because this case must be remanded for resentencing, we need not address the other sentence-related issues Stevens raises.

REVERSED and REMANDED.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

June 21, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Timothy J. Lape
Attorney at Law
P.O. Box 8164
Missoula, MT 59807-8164

Hon. Joseph P. Mazurek, Attorney General
Barbara C. Harris, Assistant
Justice Bldg.
Helena, MT 59620

ROBERT L. DESCHAMPS, III, County Attorney
BETTY WING, Deputy County Attorney
Missoula County Courthouse
Missoula, MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy