No. 95-077

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

THE STATE OF MONTANA,

  Plaintiffs and Respondents,

-v-

JERRY ROBERT LaMERE,

  Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
     In and for the County of Cascade,
     The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

  Jerry Robert LaMere, pro se

  For Respondent:

  Hon. Joseph P. Mazurek, Attorney General, Jennifer
  Anders, Assistant Attorney General, Helena, Montana;
  Patrick L. Paul, Cascade County Attorney, Shawn M.
  Glen, Deputy Cascade County Attorney, Great Falls,
  Montana

Submitted on Briefs: May 19, 1995

Decided: August 21, 1995

FILED

Filed: AUG 21 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a sentence imposed by the Eighth Judicial District Court, Cascade County. We reverse and remand for resentencing.

We consider the following issues on appeal:

I. Did the District Court err when it failed to consider alternatives to incarceration for a nonviolent felony offense pursuant to §§ 46-18-225, and 46-18-201(10), MCA?

II. Did the County Attorney adequately support the plea agreement?

On April 9, 1994, Officer Sowell (Sowell) of the Great Falls Police Department was dispatched to Howard's Pizza in response to a report that one of the establishment's vehicles had been stolen. The owner of Howard's Pizza informed police that an employee had left a delivery truck belonging to Howard's parked and running outside the business. When the employee went back to the vehicle with the pizzas, the truck was missing.

Shortly thereafter, Sowell learned that the delivery truck had been involved in a single-car rollover accident and the driver of the vehicle was in custody. Sowell went to the accident scene where he learned that two individuals had witnessed the accident. These persons saw appellant leave the scene of the crime and contacted police. Appellant was apprehended several blocks from the scene. He was wearing a black Howard's Pizza jacket and appeared to be intoxicated; the jacket pocket contained the keys of the vehicle's legitimate driver.

2

On May 5, 1994, appellant, Jerry LaMere (LaMere), was charged by information with one count of felony theft and one count of misdemeanor theft. On September 16, 1994, LaMere signed an Acknowledgement of Waiver of Rights By Plea of Guilty. LaMere then entered into a plea bargain agreement whereby the Cascade County Attorney's office agreed to recommend a deferred imposition of sentence on the felony theft charge on the condition that LaMere make full restitution to the owner of Howard's Pizza for $9,817, the total damage to the truck. The county attorney further agreed to recommend a six-month suspended sentence on the misdemeanor theft charge. The agreement also allowed the county attorney the option of recommending reasonable fines or any reasonable conditions upon review of the presentence investigation.

The court requested a presentence investigation (PSI) which showed that LaMere was an admitted alcoholic and had been since the age of nine, that LaMere had been hospitalized previously for "some kind of disorder" which LaMere alleges is attention deficit disorder, that he had no prior record of felony offenses but had several DUI's. The report also stated that LaMere had little or no work experience.

The report recommended that LaMere be required to submit to testing of his blood, breath, and bodily fluids upon request, and require him to attend AA meetings and to pay restitution in an amount to be determined at sentencing.

The court held a sentencing hearing on December 8, 1994. The County Attorney emphasized that LaMere was an individual who spent

3

most of his time drinking and bragging that he was going to go out and get drunk. He emphasized that the PSI demonstrated that LaMere didn't complete anything he started--he never completed school, has an education in carpentry but doesn't want to be a carpenter, has an alcohol problem or chemical dependency problem but admits he doesn't want to go to treatment for that. The County Attorney suggested the deferred imposition of sentence with various conditions of supervision.

After the presentation of testimony by LaMere and the statements of counsel, the court stated at the hearing: 1) that LaMere has been addicted to alcohol and drugs since the age of twelve, 2) that LaMere has used the entire system of government and is a con artist, 3) that LaMere will not address his drug and alcohol problems, 4) that LaMere has never maintained any kind of employment, and 5) that LaMere needs discipline. Because of these facts, the District Court rejected the plea agreement and ordered LaMere to serve ten years in the Montana State Prison, plus six months in the Cascade County jail on the misdemeanor charge, to run concurrently with his prison sentence. LaMere appeals his sentence.

I

Did the District Court err when it failed to consider alternatives to incarceration for a nonviolent felony offense pursuant to §§ 46-18-225 and 46-18-201(10), MCA?

LaMere argues that Montana law requires the sentencing court to consider alternatives to incarceration when sentencing

4

nonviolent offenders. LaMere contends that since the court did not consider these alternatives, this case should be remanded for resentencing.

The State argues that LaMere did not object to these errors at sentencing and cannot now object. The transcript of the sentencing hearing shows that LaMere's attorney did object to the sentence imposed by the court and did request reconsideration. While the objection and request for reconsideration was somewhat limited, we conclude that it was sufficient to require consideration of this issue on appeal.

We have stated that "[c]riminal sentencing alternatives are strictly matters of statute in Montana." State v. Stevens (1993), 259 Mont. 114, 115, 854 P.2d 336, 337. Therefore, we will review the District Court's interpretation of the applicable statutes as to whether the court correctly interpreted them. Steer Inc. v. Department of Revenue (1990), 245 Mont. 470, 803 P.2d 601.

Section 46-18-201(10), MCA states that:

> In sentencing a nonviolent felony offender, the court shall first consider alternatives to imprisonment of the offender in the state prison, including placement of the offender in a community corrections facility or program. In considering alternatives to imprisonment, the court shall examine the sentencing criteria contained in 46-18-225. If the offender is subsequently sentenced to the state prison or the women's correctional center, the court shall state its reasons why alternatives to imprisonment were not selected, based on the criteria in 46-18-225, MCA. (Emphasis added.)

Section 46-18-225, MCA, sets out a list of ten specific criteria that, like the directive in § 46-18-201(10), MCA, requires the trial court consider when sentencing nonviolent offenders. Section

5

225 requires consideration of such things as where the needs of the offender would be best served. These statutes do not provide the court with any discretion. The legislature has directed trial courts to make these considerations before any nonviolent offender is incarcerated.

The transcript reveals that the court considered pertinent facts concerning LaMere's background but did not specifically consider any alternatives to incarceration. In a similar case, we stated that § 46-18-201, MCA, "imposes certain obligations on a court sentencing [a nonviolent] offender." Stevens, 854 P.2d at 337. Those obligations include the court's specific consideration of "alternatives to imprisonment" according to § 46-18-201, MCA. We conclude that the District Court did not properly consider alternatives to incarceration for this nonviolent offender, pursuant to §§ 46-18-201 or 46-18-225, MCA.

We remand for resentencing.

II

Did the County Attorney adequately support the plea agreement?

The transcript of the hearing shows that counsel for LaMere anticipated that the Deputy County Attorney who entered into the plea agreement would be present to present the viewpoints of the prosecution. That deputy was not present and the County Attorney who had not participated in the agreement handled the matter. In addition, counsel for LaMere pointed out that he understood that the person who prepared the PSI would be present at the hearing, and he also was not present.

6

As previously summarized, the presentation made by the County Attorney's office was quite abbreviated, and emphasized the alcohol problems of the defendant and his failure to complete anything he started and then recommended without explanation the deferred imposition of sentence. We conclude this does not meet the requirements on the part of the prosecutor in connection with plea agreements as set forth in State v. Allen (1981), 197 Mont. 64, 69, 645 P.2d 380, 382, as follows:

> Prosecutors who engage in plea bargaining must meet strict and meticulous standards of both promise and performance as a plea of guilty resting in any significant degree on an unfulfilled plea bargain is involuntary and subject to vacation. . . . Prosecutorial violations, even if made inadvertently or in good faith to obtain a just and mutually desired end, are unacceptable. [Citations omitted.]

The transcript includes reference by LaMere's counsel to LaMere's mental difficulties. He pointed out that the probation officer who was doing the PSI had indicated LaMere was having significant problems answering the questions. LaMere's counsel emphasized that the reason they entered into the plea bargain agreement was in order that LaMere who had serious problems could have such problems addressed. He then discussed the nature of the problems at some length.

As previously mentioned, the Deputy County Attorney who had agreed to the theory of the deferred imposition of sentence was not there to present the benefits to deferred imposition so far as the State was concerned and the very abbreviated statement by the County Attorney did not meet the above standard of Allen. While not required by statute, the failure of the prosecution to present

7

the testimony of the person who prepared the PSI for the State again weakened the presentation to the District Court.

In his motion for reconsideration, defense counsel requested that the sentencing be postponed in order that he could bring in a psychologist or other expert to more fully acquaint the District Court with the extent and nature of LaMere's problems. The District Court refused this request.

We conclude that the County Attorney here failed to meet the strict and meticulous standards of performance of the plea bargain.

We hold that the failure of the prosecutor to adequately support the plea bargain requires resentencing.

We reverse and remand for resentencing.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

8