No. 95-042

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


STATE OF MONTANA,

     Plaintiff and Respondent,

-vs-

MICHAEL RAY NELSON,

     Defendant and Appellant.

FILED

OCT 24 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Twenty-First Judicial District,
In and for the County of Ravalli,
The Honorable Jeffrey H. Langton, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

          William F. Hooks, State Appellate Defender,
Helena, Montana

     For Respondent:

          Hon. Joseph P. Mazurek, Attorney General;
Patricia Jordan, Ass't Attorney General, Helena,
Montana

          George Corn, Ravalli County Attorney, Hamilton,
Montana


Submitted on Briefs: August 17, 1995

Decided: October 24, 1995

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Michael Ray Nelson (Nelson) appeals from the judgment entered by the Twenty-First Judicial District Court, Ravalli County, on his guilty plea to the offenses of felony assault, criminal mischief, and resisting arrest. We affirm.

On September 7, 1994, Nelson was charged by information with three counts of felony assault, one count of misdemeanor assault, one count of misdemeanor resisting arrest and one count of misdemeanor criminal mischief. Two weeks later, Nelson entered pleas of not guilty to all charges. At the arraignment, the county attorney presented a psychological evaluation of Nelson. Defense counsel did not object to the admission of the evaluation.

On October 4, 1994, Nelson entered into a plea agreement in which the State dismissed two counts of felony assault and one count of misdemeanor assault. Nelson then pled guilty to one count of felony assault and the two misdemeanors of resisting arrest and criminal mischief.

On October 4, 1994, Nelson signed a Plea of Guilty and Waiver of Rights. Nelson's Plea of Guilty and Waiver of Rights stated that Nelson voluntarily plead guilty, explained the rights being waived, outlined the sufficiency of his attorney's representation, detailed in his own words the factual basis for his guilty plea, and asserted that he was not under the influence of drugs or alcohol.

The next day, during the court's interrogation at the change of plea hearing, the District Court confirmed Nelson's

2

understanding of the nature and potential penalties for each of the charges against him. The court confirmed Nelson's understanding of the rights he waived in entering pleas of guilty and that he had no right to withdraw his guilty pleas. The court determined that Nelson had not been threatened or forced into pleading guilty and that he had not consumed any drugs or alcohol that could affect his judgment or ability to communicate. Nelson admitted that his counsel was competent and had advised him well. Nelson explained, in his own words, the facts upon which the charges and his guilty pleas were based.

At the change of plea hearing, the court inquired whether Nelson understood that the county attorney was not recommending any particular sentence, and that regardless of the actual sentence, Nelson would have no right to withdraw his pleas. Nelson responded that he understood. The court accepted the plea agreement and found Nelson guilty as charged. Defense counsel then moved the court to release Nelson on his own recognizance (hereinafter "OR") pending sentencing. While this release was not part of the plea agreement, the State had no objection to the motion. After a brief discussion regarding Nelson's sentencing date and bail, the court declined to release Nelson on OR and the following colloquy occurred:

THE COURT: . . . . Anything else?

THE DEFENDANT: Yes, Your Honor. I'm not going to do this. This wasn't my agreement. This understanding -- I'm not ready to plead yet. I'd like you to send me over to Warm Springs, sir, because I can't take any more of it. I honest to God can't. They told me that they'd do an OR. I thought this was part of the plea agreement.

3

That's not happening here, sir.

MR. STENERSON: Your Honor, for the record, I did not tell him it was part of the plea agreement. I told him if he took this plea agreement that Mr. Corn would not oppose an OR and that was still up to the Court.

THE DEFENDANT: Your Honor, in regard to the guilty pleas --

THE COURT: Mr. Nelson, that's already a done deal. You plead guilty.

THE DEFENDANT: Your Honor, I can't take any more of this. You have to send me to Warm Springs. This isn't the deal that --

THE COURT: Silence, Mr. Nelson, or I will have you removed.

THE DEFENDANT: Your Honor, can you do something or --

THE COURT: I can have you removed. Sheriff?

Nelson raises three issues on appeal. First, did the District Court fail to adequately advise Nelson of the consequences of pleading guilty and, as a result, were his pleas knowingly, intelligently and voluntarily entered. Second, did the District Court err in considering the mental evaluation report, prepared at the direction of the State, without counsel present and without Nelson having been advised of his rights. Finally, did the District Court fail to consider alternatives to imprisonment for a nonviolent felony offense pursuant to §§ 46-18-225, and 46-18-201(10), MCA, before sentencing Nelson to a term of imprisonment.


1.    Did the District Court fail to adequately advise Nelson of the consequences of pleading guilty and, as a result, were his pleas knowingly, intelligently and voluntarily entered?

Nelson argues that he should have been allowed to withdraw his

4

guilty pleas because the District Court did not adequately advise him of the consequences of pleading guilty, specifically the possibility that he could be designated a dangerous offender thus restricting his eligibility for parole.

The principles governing the entry and withdrawal of guilty pleas are set forth in both case law and statutes. State v. Enoch (1994), 269 Mont. 8, 11, 887 P.2d 175, 177. District courts must meet the statutory requirements found in §§ 46-12-210 and 46-16-105(1), MCA, before accepting a guilty plea. Section 46-16-105(2), MCA, regarding the withdrawal of a guilty plea, provides:

> At any time before or after judgment the court may, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted.

This Court has consistently stated that no set rule or standard exists under which a district court addresses a request to withdraw a guilty plea, and that each case must be considered in light of its unique record. Enoch, 887 P.2d at 177; State v. Radi (1991), 250 Mont. 155, 158-59, 818 P.2d 1203, 1206. The grant or denial of a motion to withdraw a guilty plea is within the discretion of the district court. Radi, 818 P.2d at 1206. Our standard in reviewing a district court's denial of a motion to withdraw a guilty plea is whether the district court abused its discretion. Enoch, 887 P.2d at 177; State v. Reynolds (1992), 253 Mont. 386, 390-91, 833 P.2d 153, 155.

When pleading guilty to a criminal charge a defendant waives numerous constitutionally based rights and protections. Radi, 818 P.2d at 1206. In light of the significance of the rights that are

5

waived upon a plea of guilty, it is well-settled that a guilty plea must be a voluntary, knowing, and intelligent choice among the alternative courses of action open to the defendant. North Carolina v. Alford (1970), 400 U.S. 23, 91 S.Ct. 160, 27 L.Ed.2d 162; Radi, 818 P.2d at 1206.

This Court balances three factors when considering a criminal defendant's attempt to withdraw a guilty plea: (1) the adequacy of the court's interrogation at the time the plea was entered regarding the defendant's understanding of the consequences of the plea; (2) the promptness with which the defendant attempts to withdraw the plea; and (3) the fact that the plea was the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge. Enoch, 887 P.2d at 177.

In the present case, we need not engage in an analysis of the above three factors because, although Nelson sought to withdraw his pleas due to his misunderstanding as to release on recognizance, Nelson did not attack the voluntary nature of his pleas. See State v. Mason (1992), 253 Mont. 419, 424, 833 P.2d 1058, 1061. The record reveals that Nelson did not move to withdraw his guilty pleas on the grounds that the District Court failed to adequately advise him that he could be designated a dangerous offender for parole purposes. Rather, Nelson objected solely to the District Court's decision to set bail instead of releasing him on his own recognizance prior to sentencing.

Release on his own recognizance was not included in Nelson's plea agreement and, in response to Nelson's objection, his attorney

6

specifically denied that release on OR was part of the plea agreement. Thus, Nelson can not argue that his objection to bail instead of OR was related to the voluntary nature of his guilty pleas because OR was not a condition of his plea agreement. In other words, he did not plead guilty in order to gain release on OR, he pled guilty on the condition that the State drop two of the felony assault charges. In fact, Nelson's Plea of Guilty and Waiver of Rights states: "I am not entering this plea of guilty in order to get released from jail." Nor can he relate his objection to being denied OR to the issue he now raises that he was not adequately advised that he could be designated a dangerous offender for parole purposes.

Nelson's objection and motion to withdraw did not raise any of the grounds on which he now appeals. This Court does not review issues which were not preserved for appeal in the court below. Sections 46-20-104 and 46-20-701, MCA. We have held that failure to raise an issue before the district court bars a defendant from raising the issue on appeal under § 46-20-104, MCA. State v. Arlington (1994), 265 Mont. 127, 151, 875 P.2d 307, 321. We hold that Nelson's contemporaneous motion to withdraw his pleas did not raise a question as to the adequacy of the court's interrogation. Further, although § 46-16-105(2), MCA, would have allowed a post-judgment motion attacking the voluntariness of the pleas, no so such motion was made in the District Court. Thus, Nelson is barred from raising the issue of whether he was advised of the possibility and consequences of being designated a dangerous offender on

7

appeal.

We hold that Nelson did not, either before or after judgment, move to withdraw his guilty pleas for lack of voluntariness. The District Court did not abuse its discretion in denying Nelson's motion to withdraw his guilty pleas based solely upon his misunderstanding as to being released on his own recognizance.

2. Did the District Court err in considering the mental evaluation report, prepared at the direction of the State without counsel present and without Nelson having been first advised of his rights?

Nelson argues that the District Court erred in considering and relying on an emergency mental health evaluation report prepared in violation of Nelson's Fifth Amendment rights. However, Nelson failed to object to the admission of the report either when the report was incorporated into the Presentence Investigation Report or at the sentencing hearing. This Court does not review issues which were not preserved for appeal in the court below. Sections 46-20-205 and 46-20-701, MCA. We have held that failure to raise an issue before the district court bars a defendant from raising the issue on appeal under § 46-20-104, MCA. Arlington, 875 P.2d at 321. Thus, Nelson is barred from raising the issue of the mental health report on appeal.

3. Did the District Court fail to consider alternatives to imprisonment for a nonviolent felony offense pursuant to §§ 46-18-225, and 46-18-201(10), MCA, before sentencing Nelson to a term of imprisonment?

Nelson qualified as a nonviolent felony offender. He argues that Montana law, § 46-18-201(10), MCA, requires the sentencing

8

court to consider alternatives to incarceration when sentencing nonviolent offenders.

In three recent cases in which the district courts failed to consider alternatives to incarceration for nonviolent offenders, we remanded for resentencing. State v. Pence (Mont. 1995), 902 P.2d 41, 52 St.Rep. 937; State v. LaMere (Mont. 1995), 900 P.2d 926, 52 St.Rep. 828; State v. Stevens (1993), 259 Mont. 114, 854 P.2d 336. However, in each of these cases the defendants raised the issue of consideration of alternatives to incarceration before the district court. In Pence, "[i]mmediately following the District Court's oral ruling, Pence's counsel asked the judge to reconsider his sentence, pointing out that the court was required to consider alternatives to incarceration." Pence, 52 St.Rep. at 939. In LaMere, we held that the defendant's objections to the sentence and request for reconsideration were sufficient to preserve the issue for appeal. LaMere, 900 P.2d at 928. Stevens also specifically raised the issue of sentencing alternatives before the district court. Stevens, 854 P.2d at 337.

However, in the instant case, the issue of consideration of alternatives to imprisonment was not raised before the District Court. Nelson did not object to the court's failure to consider sentencing alternatives. The transcript of the sentencing hearing reveals that Nelson did not object to the sentence imposed nor did he request reconsideration. As we stated earlier, this Court does not review issues which were not preserved for appeal in the court below. Sections 46-20-104 and 46-20-701, MCA. We have held that

9

failure to raise an issue before the district court bars a defendant from raising the issue on appeal under § 46-20-104, MCA. Arlington, 875 P.2d at 321. Thus, Nelson is barred from raising the issue of consideration of alternatives on appeal.

We note that although the District Court enunciated reasons for its sentence, it did not specifically reference the statutory requirement that it consider alternatives to incarcerating a nonviolent offender or the criteria set forth in § 46-18-225, MCA. Prior to sentencing a nonviolent felony offender to imprisonment, the court must examine and take into account the ten specific criteria set forth in § 46-18-225, MCA.

> Section 225 requires consideration of such things as where the needs of the offender would be best served. *These statutes do not provide the court with any discretion. The legislature has directed trial courts to make these considerations before any nonviolent offender is incarcerated.*

LaMere, 900 P.2d at 928 (emphasis added). Explicit, rather than implicit consideration of the criteria makes for a much more meaningful appellate review. In future cases, we strongly encourage district courts, in imposing sentence upon nonviolent offenders, to specifically recognize and address the criteria set forth in § 46-18-225, MCA.

Affirmed.

_____
Justice

10

We concur:

_____
Chief Justice

_____

_____

_____
Justices

11

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 95-042

STATE OF MONTANA              )
                              )
        Plaintiff and Respondent,  )
                              )          O R D E R
    v.                        )
                              )
MICHAEL RAY NELSON,           )
                              )
        Defendant and Appellant.   )

FILED

NOV 16 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

On October 24, 1995, the Opinion of this Court in the above-entitled cause was filed. On November 2, 1995, appellant Michael Ray Nelson (Nelson) filed a Petition for Rehearing or Modification of Opinion. Nelson alleges that this Court's Opinion of October 24, 1995 was in direct conflict with controlling decisions of this Court and that the Court overlooked material facts. The State of Montana filed its objections to Nelson's petition on November 6, 1995.

After review of this Court's opinion issued on October 24, 1995, and having considered Nelson's Petition for Rehearing or Modification of Opinion as well as the State's Objections to Petition for Rehearing, we conclude that while the following changes are necessary to clarify this Opinion in regard to our previous opinions in Lenihan and Hatfield, the holding of our original opinion still stands. Therefore,

IT IS ORDERED:

1. The petition for modification of opinion is GRANTED.

2. Issue 3 of this Court's October 24, 1995, Opinion (Slip Op. pp. 8 through 10), is hereby withdrawn and replaced with the following:

******************************

3. Did the District Court fail to consider alternatives to imprisonment for a nonviolent felony offense pursuant to §§ 46-18-225, and 46-18-201(11) [formerly (10)], MCA, before sentencing Nelson to a term of imprisonment?

Nelson qualified as a nonviolent felony offender. He argues

that Montana law, § 46-18-201(11), MCA, requires the sentencing court to consider alternatives to incarceration when sentencing nonviolent offenders.

In three recent cases in which the district courts failed to consider alternatives to incarceration for nonviolent offenders, we remanded for resentencing. State v. Pence (Mont. 1995), 902 P.2d 41, 52 St.Rep. 937; State v. LaMere (Mont. 1995), 900 P.2d 926, 52 St.Rep. 828; State v. Stevens (1993), 259 Mont. 114, 854 P.2d 336. However, in these cases the defendants raised the issue of consideration of alternatives to incarceration before the district court, or, as in Stevens, the State conceded that the statute had not been followed. Stevens, 854 P.2d at 337. In Pence, "[i]mmediately following the District Court's oral ruling, Pence's counsel asked the judge to reconsider his sentence, pointing out that the court was required to consider alternatives to incarceration." Pence, 902 P.2d at 44. In LaMere, we held that the defendant's objections to the sentence and request for reconsideration were sufficient to preserve the issue for appeal. LaMere, 900 P.2d at 928.

However, in the instant case, the issue of consideration of alternatives to imprisonment was not raised before the District Court and the State did not concede that the statute had not been followed. The transcript of the sentencing hearing reveals that Nelson did not object to the court's failure to consider sentencing alternatives nor did he request reconsideration.

Nelson did request a deferred sentence at the sentencing

2

hearing and he argues that this request is sufficient to preserve the issue for appeal. However, a request for a deferred sentence does not serve the same role as an objection to the sentence actually imposed. Nelson did not alert the District Court to the alleged failure to consider alternatives to imprisonment. Thus, the court was not able to correct any deficiency in the sentencing process.

As we stated earlier, this Court does not review issues which were not preserved for appeal in the court below. Sections 46-20-205 and 46-20-701, MCA. We have held that failure to raise an issue before the district court bars a defendant from raising the issue on appeal under § 46-20-104, MCA. Arlington, 875 P.2d at 321.

An exception to this general rule is found in the holdings of State v. Lenihan (1979), 184 Mont. 338, 602 P.2d 997 and State v. Hatfield (1993), 256 Mont. 340, 846 P.2d 1025. In those cases we held that an appellate court may review any sentence imposed in a criminal case, if it is alleged that such sentence is *illegal or exceeds statutory mandates*, even if no objection is made at the time of sentencing. Lenihan, 602 P.2d at 1000; Hatfield, 846 P.2d at 1029 (emphasis added). While not disturbing the holdings of these cases, we find the instant case distinguishable.

In Lenihan, the defendant pled guilty to burglary and his three-year sentence was deferred. He appealed from the sentencing condition requiring him to pay $250 as reimbursement for his public defender's attorney's fees. Lenihan argued that because Montana

3

does not have a recoupment statute, the district court's order to reimburse the county for attorney's fees was invalid. The State countered, *inter alia*, that Lenihan did not object to reimbursement in the district court. This Court held:

> Traditionally, in both civil and criminal matters, this Court has not accepted for review issues which were not objected to at the trial level. . . .
>
> This Court, however, has never specifically ruled on the question presented here. That is, whether an objection at the trial level is a prerequisite to the challenging of a sentencing order on appeal. This issue has been ruled on in other jurisdictions with varying results. . . .
>
>     . . . .
>
> It appears to be the better rule to allow an appellate court to review any sentence imposed in a criminal case, if it is alleged that such *sentence is illegal or exceeds statutory mandates*, even if no objection is made at the time of sentencing.

Lenihan, 602 P.2d at 1000 (emphasis added; citations omitted). Because the district court exceeded its statutory authority by requiring Lenihan to reimburse the county for attorney's fees, this Court remanded Lenihan's sentence with instructions to vacate the condition of repayment of attorney's fees. Lenihan, 602 P.2d at 1001.

In State v. Hatfield, Hatfield appealed his convictions of sale of dangerous drugs and conspiracy to sell drugs. Hatfield argued that the court erred in imposing the following sentencing condition:

> Defendant may be required to serve up to an additional one hundred-eighty days. . . at the discretion of the supervising Probation Officer. . . . The Probation Officer has the right to decide the amount of time to be served for any infraction, up to the entire one hundred

4

eighty days. . . .

Hatfield, 846 P.2d at 1029. This Court noted that Hatfield did not object to the sentence at the time it was entered. However, relying on the Lenihan holding that a criminal sentence may be reviewed on appeal if it is alleged to be illegal or in excess of statutory mandates, the Court addressed the sentencing issue. The Court stated: "We have long held that a district court has no power to impose a sentence in the absence of specific statutory authority." Hatfield, 846 P.2d at 1029. Holding that the district court had exceeded its statutory authority by delegating sentencing discretion to a probation officer and by imposing a condition that could have resulted in Hatfield spending more time in jail than the maximum sentence allowed, the Court remanded the case for resentencing.

Both Lenihan and Hatfield involved situations where the judgment was void due to lack of statutory authority. In Lenihan and Hatfield, the district courts' sentences were illegal or in excess of statutory authority because the courts lacked the specific statutory authority to impose the sentence.

Unlike Lenihan and Hatfield, Nelson's sentence is neither illegal nor does it exceed statutory authority. Sections 46-18-201(11) and 46-18-225, MCA, do not preclude a court from sentencing a nonviolent felony offender to prison. Section 46-18-225, MCA, states: "Prior to sentencing a nonviolent felony offender to a term of imprisonment . . ." the court shall take into account certain criteria. Section 46-18-201(11) states: "If the offender is

5

subsequently sentenced to the state prison . . ." the court shall state why alternatives to imprisonment were not selected. Although these statutes require consideration of alternatives to imprisonment, such consideration would not have necessarily changed the court's final sentence for Nelson. Nelson's sentence of ten years is not in excess of the maximum statutorily authorized by § 45-5-202(3), MCA.

Sections 46-18-201(11) and 46-18-225, MCA, impose an affirmative duty upon the court to take certain matters into consideration in sentencing. If the court fails to abide by this requirement, the sentence is subject to challenge or objection. That does not mean, however, that in the absence of an objection, the sentence is thereby illegal. The District Court, after considering the criteria in § 46-18-225, MCA, and stating its reasons why alternatives to imprisonment were not selected as required by § 46-18-201(11), MCA, could still have legally sentenced Nelson to ten years in prison. Thus, Nelson's sentence does not come within the exception found in Lenihan and Hatfield. Having failed to object to the sentence or to move for reconsideration, Nelson is barred from raising the issue of consideration of alternatives on appeal.

We note that although the District Court enunciated reasons for its sentence, it did not specifically reference the statutory requirement that it consider alternatives to incarcerating a nonviolent offender or the criteria set forth in § 46-18-225, MCA. Prior to sentencing a nonviolent felony offender to imprisonment,

6

the court must examine and take into account the ten specific criteria set forth in § 46-18-225, MCA.

> Section 225 requires consideration of such things as where the needs of the offender would be best served. *These statutes do not provide the court with any discretion. The legislature has directed trial courts to make these considerations before any nonviolent offender is incarcerated.*

LaMere, 900 P.2d at 928 (emphasis added). Explicit, rather than implicit consideration of the criteria makes for a much more meaningful appellate review. In future cases, we strongly encourage district courts, in imposing sentence upon nonviolent offenders, to specifically recognize and address the criteria set forth in § 46-18-225, MCA.

Affirmed.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

3. In all other respects, Nelson's Petition for Rehearing is DENIED. Let Remittitur issue forthwith.

4. The Clerk is directed to mail copies of this order to counsel of record for the respective parties, West Publishing Company, State Reporter Publishing Company, and the Honorable Jeffrey H. Langton, District Judge.

DATED this _16th_ day of November, 1995.

_____
Chief Justice

_____

_____

_____
Justices

7