No. 95-171

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

Plaintiff and Respondent,

v.

GENE E. LUCAS,

Defendant and Appellant.

FILED

NOV 14 1995

*El Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                In and for the County of Rosebud,
                The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                William F. Hooks, Appellate Defender,
                Helena, Montana

        For Respondent:

                Hon. Joseph P. Mazurek, Attorney General,
                Micheal S. Wellenstein, Assistant Attorney
                General, Helena, Montana

                Lee Kerr, Rosebud County Attorney,
                Forsyth, Montana

Submitted on Briefs:    October 19, 1995

Decided:    November 14, 1995

Filed:

_____
                Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Defendant Gene E. Lucas was convicted in the Sixteenth Judicial District Court in Rosebud County of two counts of criminal possession of dangerous drugs and misdemeanor theft. He was designated a persistent felony offender and sentenced to serve two consecutive terms of five and ten years in the Montana State Prison and a concurrent term of six months in the Rosebud County Jail. Lucas appeals the District Court's imposition of a prison sentence. We vacate his sentence and remand to the District Court for resentencing.

The issue on appeal is whether the District Court erred when it failed to consider alternatives to imprisonment for a nonviolent felony offense pursuant to §§ 46-18-201(10) and -225, MCA.

## FACTUAL BACKGROUND

On October 7, 1994, the State charged Lucas by information with one count of criminal possession of dangerous drugs, a felony, in violation of § 45-9-102, MCA. Lucas was released on bail on October 7, 1994. On January 26, 1995, a jury found Lucas guilty of criminal possession of dangerous drugs.

On January 9, 1995, the State charged Lucas by information with one count of felony theft in violation of § 45-6-301, MCA, and one count of criminal possession of dangerous drugs, a felony, in violation of § 45-9-102, MCA. Lucas was accused of committing both crimes while awaiting trial of the first charge of criminal possession of dangerous drugs. On January 19, 1994, the State filed a notice of intent to seek a persistent felony offender designation for Lucas. On January 30, 1995, Lucas pled guilty to the second charge of criminal possession of dangerous drugs.

For the first offense of criminal possession of dangerous drugs, the court sentenced Lucas to serve a five-year term in the Montana State Prison. For the second offense, the court designated Lucas a persistent felony offender and sentenced him to a term of ten years in the Montana State Prison, to be served consecutively with his first sentence.

On appeal, Lucas contends that since he was designated a nonviolent felony offender as defined in § 46-18-104(3), MCA, the District Court had to consider alternatives to imprisonment pursuant to § 46-18-201(10), MCA, in light of the criteria set forth in § 46-18-225, MCA. Lucas further contends that if the court determined that imprisonment was necessary, it had to state its reasons why alternatives to imprisonment were not selected based on the criteria set forth in § 46-18-225, MCA.

## DISCUSSION

This Court has addressed a district court's failure to consider alternatives to imprisonment at the Montana State Prison for a nonviolent felony offender, pursuant to §§ 46-18-201(10) and -225, MCA, in *State v. Pence* (Mont. 1995), 902 P.2d 41, 52 St. Rep. 937; *State v. LaMere* (Mont. 1995), 900 P.2d 926, 52 St. Rep. 828; and *State v. Stevens* (1993), 259 Mont. 114, 854 P.2d 336. In each case, we remanded the sentence to the district court to consider alternatives to imprisonment at the Montana State Prison as required by §§ 46-18-201(10) and -225, MCA.

In *Pence*, we set forth the obligations of a trial court when sentencing a nonviolent felony offender:

> Initially, a district court must consider alternatives to imprisonment. Second, in considering alternatives to imprisonment, a district court must examine the ten sentencing criteria found in § 46-18-225, MCA. Finally, if a district court decides against alternatives to imprisonment, it must provide reasons why it did not select alternatives.

*Pence*, 902 P.2d at 46 (citing *Stevens*, 854 P.2d at 337).

In this case, the State concedes that the District Court, in sentencing Lucas, failed to articulate consideration of alternatives to imprisonment. Therefore, we hold that in light of our previous decisions and the State's concession, this matter should be remanded to the District Court for compliance with the three *Stevens* requirements.

Lucas also contends that he is entitled to a new sentencing hearing. However, we hold that a new sentencing hearing is

unnecessary. A review of the record demonstrates that a full hearing was held prior to the original sentencing order and that evidence presented addressed all of the relevant criteria set forth in § 46-18-225, MCA. We note that Lucas himself testified at the sentencing hearing and had the opportunity to present any additional evidence that he felt the court should have considered.

For the reasons stated above, we vacate Lucas's sentence and remand to the District Court for resentencing consistent with this opinion and pursuant to §§ 46-18-201(10) and -225, MCA.

_____
Justice

We concur:

_____

_____

_____
Justices

5