No. 95-098

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

     Plaintiff and Respondent,

  v.

RICHARD A. SAVARIA,

     Defendant and Appellant.

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Edward P. McLean, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

         William F. Hooks, Appellate Defender, Helena, Montana

     For Respondent:

         Hon. Joseph Mazurek, Attorney General, Jennifer Anders, Assistant Attorney General, Helena, Montana; Betty Wing, Missoula County Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  October 19, 1995

Decided:  November 21, 1995

Filed:

FILED

NOV 21 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant, Richard Savaria was sentenced in the Fourth Judicial District Court, Missoula County to a term of ten years in the Montana State Prison on seven counts of felony theft.

We affirm the conviction and remand for resentencing.

The issue on appeal is whether the District Court erred in failing to consider the alternatives to imprisonment at the Montana State Prison for a non-violent felony offender, pursuant to §§ 46-18-201(10) and 46-18-225, MCA.

It is undisputed that the appellant is a non-violent felony offender pursuant to the statutory definition contained in § 46-18-104(3), MCA, and the court should have considered § 46-18-201(10), MCA, which imposes certain obligations on a court sentencing such an offender:

> In sentencing a non-violent offender, the court shall first consider alternatives to imprisonment of the offender in the state prison, including placement of the offender in a community corrections facility or program. In considering alternatives to imprisonment the court shall examine the sentencing criteria contained in § 46-18-225, MCA. If the offender is subsequently sentenced to the state prison or a women's correctional facility, the court shall state its reasons why alternatives to imprisonment were not selected, based on the criteria contained in 46-18-225.

See State v. Pence (Mont. 1995), 902 P.2d 41, 52 St. Rep. 937; State v. LaMere (Mont. 1995), 900 P.2d 926, 52 St.Rep. 828, 829-30; State v. Stevens (1993), 259 Mont. 114, 115-16, 854 P.2d 336, 337-38.

2

The Attorney General has filed herein a Notice of Concession, conceding that the matter should be remanded to the District Court for resentencing.

We hold that the District Court failed to properly sentence the defendant under applicable sentencing statutes.

We affirm the conviction and remand for resentencing.

_William E. Hunt_
Justice

We Concur:

_____

_____

_____

_____
Justices

3