No.   95-231

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

ORIN SCOTT HOFMAN,

      Defendant and Appellant.

APPEAL FROM:  District Court of the Twenty-First Judicial District,
         In and for the County of Ravalli,
         The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         John M. Kading, Butte, Montana

      For Respondent:

         Joseph P. Mazurek, Attorney General, Pamela P.
         Collins, Assistant Attorney General, Helena,
         Montana; George H. Corn, Ravalli County Attorney,
         Hamilton, Montana

FILED

MAR 28 1996

Filed: _Smith_
    OF SUPREME C...
  STATE OF MONTANA

Submitted on Briefs:  December 7, 1995

Decided: March 28, 1996

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Appellant, Orin Scott Hofman, was sentenced by the Twenty-First Judicial District Court, Ravalli County, for aggravated assault, felony assault, and two misdemeanors, with the sentences to run concurrently. In addition, the defendant was designated as a persistent felony offender and a dangerous offender. Defendant appeals both his sentence and his designation as a dangerous offender.

Affirmed.

On appeal, defendant raises four issues which we restate as follows:

1. Did the District Court err in designating Hofman a dangerous offender?

2. Did the District Court err in ordering Hofman to undergo alcohol treatment?

3. Did the District Court err in not stating the reasons why Hofman was designated a dangerous offender?

4. Did the District Court err by failing to inform Hofman of the possible maximum penalties provided by law, including the effect of penalty enhancements and parole restrictions?

## FACTS

On the night of December 12, 1993, officers responded to an emergency call at the home of defendant and Ms. Angela Raines. Earlier in the evening, defendant had been lying down on the couch when Raines' two young sons ran to play with him. Defendant struck the younger four-year old child and then attacked Ms. Raines.

2

Defendant left the home but returned later. When he returned, Ms. Raines refused to let him in. Defendant gained re-entry by breaking down the door, and, again, he attacked Ms. Raines.

Officers responding to the call found Ms. Raines, who had a bloody nose, broken ribs, and multiple contusions and her son, who had a swollen cheek. Ms. Raines was taken to the hospital. After returning home, she discovered that $1,600 in cash was missing from her strongbox.

Defendant was charged by information on December 22, 1993, with five felonies and two misdemeanors: Charge I, aggravated assault; Charge II, two counts of felony assault; Charge III, misdemeanor assault; Charge IV, aggravated burglary; Charge V, burglary; Charge VI, felony theft, and Charge VII, criminal mischief. Defendant entered a "not guilty plea" to all charges. On the same day, defendant signed a "Acknowledgment of Rights" form which was filed with the District Court.

On January 12, 1994, defendant requested to withdraw his "not guilty" pleas pursuant to a plea arrangement with the State. On January 19, 1994, defendant entered a guilty plea to the charges of aggravated assault, felony and misdemeanor assault, and criminal mischief. The remaining charges were dismissed. Defendant was sentenced on February 16, 1994, to 20 years for aggravated assault, 5 years for felony assault, 6 months for misdemeanor assault, and 6 months for misdemeanor criminal mischief. The District Court designated defendant a persistent felony offender, as well as a dangerous offender. Defendant appeals.

3

## ISSUE 1

Did the District Court err in designating Hofman as a dangerous offender?

Defendant argues the record does not contain substantial credible evidence to support his designation as a dangerous offender. He contends this designation should be removed as a matter of law, and that he should be designated as a nondangerous offender pursuant to § 46-18-404, MCA (1993)(repealed).

The scope of our review on appeal is limited to those issues raised before the District Court. Section 46-20-104, MCA. A defendant's failure to object to an issue at the District Court bars the defendant from raising the issue on appeal. Sections 46-20-104 and 46-20-701, MCA; State v. Arlington (1994), 265 Mont. 127, 151, 875 P.2d 307, 321.

At the sentencing hearing, the County Attorney recommended to the court that defendant be designated a dangerous offender. At the conclusion of the hearing the Judge gave parties an opportunity to add anything to the record but there was nothing further from anyone. Defendant did not object to his designation as a dangerous offender. In order to preserve this issue on appeal, defendant had to object to this designation during the sentencing hearing. Section 46-20-104 (2), MCA; State v. Nelson (Mont. 1995), 52 St.Rep 1069, 1072, 906 P.2d 663, 667.

We conclude that defendant is barred from raising the issue of his designation as a dangerous offender on appeal.

4

## ISSUE 2

Did the District Court err in ordering Hofman to undergo alcohol treatment?

As in Issue 1, defendant failed to preserve this issue for appeal by failing to object at the time he was sentenced. On appeal, defendant does not assert an error that is prejudicial as to guilt or punishment and therefore he fails to meet the requirements of § 46-20-701, MCA. This Court will not consider this issue further.

## ISSUE 3

Did the District Court err in not stating the reasons why Hofman had been designated a dangerous offender?

Defendant alleges that his prior record, coupled with this offense and his apparent lack of rehabilitation, does not merit designation as a dangerous offender. Defendant further alleges that the record lacks the required "articulated reasons" for this designation. State v. Ford (1985), 218 Mont. 215, 221, 707 P.2d 16, 20.

Upon review of the record, we conclude there is ample evidence supporting the designation. At the sentencing hearing, prior to designating defendant as a dangerous offender, the District Court stated its reasons for the sentence. The Judge referred to defendant's propensity for violence. In support of this, the court pointed out that Ms. Raines' injuries were extensive, that defendant had assaulted a four-year old boy, and that defendant had previously assaulted his mother. The court pointed out that

5

defendant had been given multiple opportunities in the past to "straighten himself out...none of [which] seem to have taken." These reasons were again set forth in the judgment issued on February 25, 1994.

The record shows that the District Court stated its reasons for the defendant's designation as a dangerous offender. We affirm the District Court on this issue.

## ISSUE 4

Did the District Court err by failing to inform Hofman of the possible maximum penalties provided by law, including the effect of the penalty enhancements and parole restrictions?

As stated in Issue 1, the scope of our review on appeal is limited to those issues raised before the District Court and a defendant's failure to object to an issue at the District Court bars him from raising the issue on appeal. Nelson, 906 P.2d at 667 (citing Arlington, 875 P.2d at 321). Defendant alleges he was not advised of the maximums penalties provided by law. Defendant contends that nowhere in the record does the District Judge inform him of the possibility of enhancement for a persistent felony offender or the implications of being designated a dangerous offender.

The defendant's failure to raise this issue at the District Court by way of a motion to withdraw his guilty plea bars him from raising the issue on appeal. As in Issues 1 and 2, defendant failed to preserve this issue for appeal. See, Nelson, 906 P.2d at

665-66; State v. Enoch (1994), 269 Mont. 8, 11-12, 887 P.2d 175, 177.

We conclude the defendant was properly advised of the consequences of pleading guilty.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices