NO. 95-400

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

    Plaintiff and Respondent,

  v.

TAMMY SWOBODA.

    Defendant and Appellant.

FILED

MAY 17 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

       Roberta A. Drew, Deputy Public Defender,
Yellowstone County Public Defenders,
Billings, Montana

    For Respondent:

       Hon. Joseph P. Mazurek, Attorney General,
Carol Schmidt, Ass't Attorney General,
Helena, Montana

       Marcia Good Sept, Deputy Yellowstone County
Attorney, Billings, Montana

Submitted on Briefs:  April 11, 1996

Decided:  May 17, 1996

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Tammy Swoboda (Swoboda) appeals from her sentence imposed by the Yellowstone County, Thirteenth Judicial District Court. Swoboda pled guilty to the crime of sexual abuse of children, a felony. The court committed Swoboda to the Department of Corrections and Human Services for fifteen years. We affirm.

The issue on appeal is as follows:

Did the District Court abuse its discretion when it failed to consider and discuss alternatives to imprisonment for a nonviolent felony offense pursuant to §§ 46-18-225, and 46-18-201(11) [formerly(10)], MCA, before sentencing Swoboda to a term of imprisonment?

We review a sentence on appeal to determine whether the sentencing court clearly abused its discretion in imposing sentence. State v. Blake (Mont. 1995), 908 P.2d 676, 677, 52 St.Rep. 1269, 1270; State v. Beach (1985), 217 Mont. 132, 153, 705 P.2d 94, 107. Criminal sentencing alternatives are strictly a matter of statute in Montana. State v. LaMere (1995), 272 Mont. 355, 358, 900 P.2d 926, 928; State v. Stevens (1993), 259 Mont. 114, 115, 854 P.2d 336, 337. Therefore, our standard of review is whether the District Court correctly interpreted the applicable statutes. LaMere, 900 P.2d at 928.

Swoboda qualified as a nonviolent felony offender. She argues that Montana law, § 46-18-201(11), MCA, requires the sentencing court to consider alternatives to incarceration, including the ten sentencing criteria found in § 46-18-225, MCA, when sentencing nonviolent offenders. If the court does not select alternatives to imprisonment it must state its reasons for not doing so. Section

2

46-18-201(11), MCA. Swoboda argues that the court failed to fulfill this statutory requirement.

In three recent cases in which district courts failed to consider alternatives to incarceration for nonviolent offenders, we remanded for resentencing. State v. Pence (1995), 273 Mont. 223, 902 P.2d 41; LaMere, 900 P.2d 926; Stevens, 854 P.2d 336. However, in these cases the defendants raised the issue of consideration of alternatives to incarceration before the district court, or, as in Stevens, the State conceded that the statute had not been followed. Stevens, 854 P.2d at 337; see also State v. Nelson (Mont. 1995), 906 P.2d 663, 52 St.Rep. 1069.

However, in the instant case, the issue of consideration of alternatives to imprisonment was not raised before the District Court and the State did not concede that the statute had not been followed. The transcript of the sentencing hearing reveals that Swoboda did not object to the court's failure to consider sentencing alternatives nor did she request reconsideration. Swoboda did not alert the District Court to the alleged failure to consider alternatives to imprisonment. Nelson, 906 P.2d at 667. Thus, the court was not able to correct any deficiency in the sentencing process. Nelson, 906 P.2d at 667.

This Court does not review issues which were not preserved for appeal in the court below. Sections 46-20-205 and 46-20-701, MCA. We have held that failure to raise an issue before the district court bars a defendant from raising the issue on appeal under § 46-20-104, MCA. Nelson, 906 P.2d at 667; State v. Arlington (1994),

3

265 Mont. 127, 151, 875 P.2d 307, 321.

An exception to this general rule is found in the holdings of State v. Hatfield (1993), 256 Mont. 340, 846 P.2d 1025 and State v. Lenihan (1979), 184 Mont. 338, 602 P.2d 997. See also Nelson, 906 P.2d at 667. In those cases we held that an appellate court may review any sentence imposed in a criminal case, if it is alleged that such sentence is *illegal or exceeds* statutory *mandates,* even if no objection is made at the time of sentencing. Hatfield, 846 P.2d at 1029; Lenihan, 602 P.2d at 1000.

Both Hatfield and Lenihan involved situations where the judgment was void due to lack of statutory authority. In Hatfield and Lenihan, the district courts' sentences were illegal or in excess of statutory authority because the courts lacked the specific statutory authority to impose the sentence. See Nelson, 906 P.2d at 668. Unlike Hatfield and Lenihan, Swoboda's sentence is neither illegal nor does it exceed statutory authority.

Swoboda was sentenced to fifteen years with the Department of Corrections and Human Services for the offense of sexual abuse of children, a felony, in violation of § 45-5-625, MCA. When Swoboda was sentenced, a person convicted of this offense could be punished by imprisonment for a term not to exceed 50 years or fined not more than $10,000, or both. Section 45-5-625(2)(b), MCA (1993). Swoboda's fifteen-year sentence is thus neither illegal nor in excess of the statutory mandates.

Additionally, §§ 46-18-201(11) and 46-18-225, MCA, do not preclude a court from sentencing a nonviolent felony offender to

4

prison. <u>Nelson,</u> 906 P.2d at 668. Section 46-18-225, MCA, states: "Prior to sentencing a nonviolent felony offender to *a term of imprisonment . . .* " the court shall take into account certain criteria (emphasis added). Section 46-18-201(11) states: "If the offender is subsequently *sentenced to the state prison . . .* " the court shall state why alternatives to imprisonment were not selected (emphasis added). Although these statutes require consideration of alternatives to imprisonment, such consideration would not have necessarily changed the court's final sentence for Swoboda.

Finally, Swoboda argues that the District Court violated Swoboda's rights of due process by not considering alternatives to imprisonment. Therefore, Swoboda alleges, even though she did not object to the District Court's failure to consider alternatives to imprisonment, we should review her sentencing under the "plain error" exception to § 46-20-104, MCA. Section 46-20-104(2), MCA, provides:

> Upon appeal from a judgment, the court may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment. Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-701(2).

The exceptions provided in § 46-20-701(2)[1], MCA, are as follows:

> Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. No claim alleging an error affecting jurisdictional or constitutional rights may be noticed on appeal, if the

---

[1] Except for the "[convicted person]" language, this 1995 version of the statute is identical to the 1993 version in effect at the time of Swoboda's sentencing.

5

alleged error was not objected to as provided in 46-20-104, unless the defendant [convicted person] establishes that the error was prejudicial as to his guilt or punishment and that:

    (a)  the right asserted in the claim did not exist at the time of the trial and has been determined to be retroactive in its application;

    (b)  the prosecutor, the judge, or a law enforcement agency suppressed evidence from the defendant [convicted person1 or his attorney that prevented the claim from being raised and disposed of; or

    (c)  material and controlling facts upon which the claim is predicated were not known to the defendant [convicted person] or his attorney and could not have been ascertained by the exercise of reasonable diligence.

Swoboda does not argue that any of exceptions provided by subsections (a), (b), or (c), are present. Rather, Swoboda's contention concerning these exceptions is limited to the following argument:

> The legislature has provided a process which a sentencing court must follow prior to determining whether a person convicted of a crime should be imprisoned. §46-18-201 and §46-18-225. In the instant case, the sentencing court did not consider the sentencing statutes in violation of Swoboda's due process rights. Such a due process violation is manifestly unjust. Consequently, Swoboda asks this court to find that the sentencing court abused its discretion when it failed to comply with Swoboda's due process rights prior to passing sentence.

Swoboda's failure to discuss the provisions of § 46-20-701(2)(a)(b) and (c) defeats any application of the statutory exceptions in this case. Nonetheless, we recently held that the doctrine of common law plain error review can continue to survive despite the existence of Montana's plain error statute. State v. Finley (Mont. 1996), ___ P.2d ___, 53 St.Rep. 310. In _Finley_, we discussed the background and application of the common law doctrine of plain error as well as the statutory requirements of § 46-70-701(2), MCA, in Montana. In _Finley_, we articulated an understandable rationale

6

and rule concerning plain error. Finley, 53 St.Rep. at 315. In Finley, we held:

> this Court may discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made and notwithstanding the inapplicability of the § 46-20-701(2), MCA, criteria, where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.

Finley, 53 St.Rep. at 315.

Here, our refusal to review the District Court's failure to consider alternative to imprisonment does not rise to the level of a manifest miscarriage of justice, will not leave unsettled the question of the fundamental fairness of the trial or proceedings, nor will it compromise the integrity of the judicial process. Finley, 53 St.Rep. at 315. As stated earlier, Swoboda's sentence is neither illegal nor in excess of the statutory mandates. Under §§ 46-18-201(11) and 46-18-225, MCA, the District Court was not precluded from sentencing a nonviolent felony offender to prison. Nelson, 906 P.2d at 668. Although these statutes require consideration of alternatives to imprisonment, such consideration would not have necessarily changed the court's final sentence for Swoboda. Thus, we decline to review this unobjected-to error by the District Court under the plain error doctrine as articulated in Finley.

We do, however, restate our caution from Nelson:

> Prior to sentencing a nonviolent felony offender to imprisonment, the court must examine and take into account the ten specific criteria set forth in § 46-18-

7

*225,* MCA.

> Section 225 requires consideration of such things as where the needs of the offender would be best served. *These statutes do not provide the court with any discretion. The legislature has directed trial courts to make these considerations before any nonviolent offender is incarcerated.*

LaMere, 900 P.2d at 928 (emphasis added). Explicit, rather than implicit consideration of the criteria makes for a much more meaningful appellate review. In future cases, we strongly encourage district courts, in imposing sentence upon nonviolent offenders, to specifically recognize and address the criteria set forth in § 46-18-*225,* MCA.

Nelson, 906 P.2d at 668. Notwithstanding our recognition of the importance of trial courts specifically addressing the criteria set forth in § 46-18-225, MCA, Swoboda, having failed to object to the sentence or to move for reconsideration, is barred from raising the issue of consideration of alternatives on appeal. Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices