No. 98-462

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 83N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

TERRY SHATZ,

Defendant and Appellant.

APPEAL FROM: District Court of the Third Judicial District,

In and for the County of Powell,

No

The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Patrick T. Gallagher, Public Defender Project Office,

Anaconda, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General, Helena, Montana

Pamela P. Collins, Ass't Attorney General, Helena, Montana

Christopher Miller, Powell County Attorney, Deer Lodge, Montana

Submitted on Briefs: February 18, 1999

Decided: April 20, 1999

Filed:

No

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Terry Shatz (Shatz) appeals from the judgment and sentence entered by the Third Judicial District Court, Powell County, on a jury verdict convicting him of felony escape. We affirm.**

**¶3. We address the following issues:**

**¶4. 1. Did the District Court abuse its discretion by denying Shatz's motion for a mistrial?**

**¶5. 2. Did the District Court err in failing to rule on Shatz's motion to dismiss?**

*BACKGROUND*

**¶6. The State of Montana (State) charged Shatz by information with committing the offense of felony escape in violation of § 45-7-306, MCA. The information alleged that on or about August 18, 1997, Shatz knowingly removed himself from detention at the Montana State Prison. Shatz subsequently was arrested in Billings, Montana, appeared for arraignment and pled not guilty to the charge of felony escape.**

¶7. In February of 1998, Shatz filed a motion to dismiss the charge on double jeopardy grounds and the State responded. The District Court did not rule on Shatz's motion to dismiss and the case proceeded to trial in May of 1998. On the morning of trial, the District Court inquired whether Shatz's counsel was ready to proceed to trial and counsel replied that Shatz was ready.

¶8. During voir dire, four prospective jurors gave responses which concerned Shatz. Shatz challenged prospective jurors S.J., J.C. and L.B. for cause, and the District Court denied the challenges. Shatz exercised peremptory challenges to three of the four jurors of concern and the State peremptorily challenged the fourth. Thus, none of the prospective jurors about whom Shatz was concerned ultimately served on his jury.

¶9. Immediately after voir dire, Shatz moved for a mistrial claiming that the comments of several prospective jurors "prejudiced the jury panel." The District Court denied Shatz's motion, the trial proceeded, and the jury found Shatz guilty of felony escape. The District Court sentenced Shatz and entered judgment, and Shatz appeals.

*DISCUSSION*¶10. 1. Did the District Court abuse its discretion by denying Shatz's motion for a mistrial?

¶11. Shatz does not contend that the District Court erred in denying his challenges to certain jurors for cause. He argues only that the District Court erred in denying his motion for a mistrial, which was premised on the theory that comments made by four prospective jurors during voir dire poisoned the jury panel. In deciding whether to grant or deny a motion for a mistrial, a district court determines whether the conduct at issue denied the defendant a fair and impartial trial. We review the ruling to determine whether the court abused its discretion. State v. Hardaway, 1998 MT 224, ¶ 25, 966 P.2d 125, ¶ 25, 55 St.Rep. 936, ¶ 25 (citation omitted).

¶12. Comments by prospective jurors which are so prejudicial that they have a "natural tendency" to infect the entire proceedings with an unfairness can only be corrected by declaring a mistrial. State v. McMahon (1995), 271 Mont. 75, 81, 894 P.2d 313, 317. In *McMahon,* we reversed the trial judge's denial of the defendant's motion for mistrial based on comments from several prospective jurors regarding

their knowledge of the defendant's violent tendencies and the expressed fear of the defendant by another prospective juror because of the very assault and intimidation incidents at issue in the trial. *McMahon*, 271 Mont. at 77-78, 894 P.2d at 315. We cautioned, however, that our holding should be interpreted narrowly and reserved only for the most egregious and prejudicial prospective juror comments, amounting to inadmissible opinions or comments about the defendant's character or propensities, which could not be cured by admonishment or instruction from the court. *McMahon*, 271 Mont. at 81, 894 P.2d at 317.

¶13. Scrutinizing the comments at issue in the present case, we conclude that they did not relate to Shatz's character or propensities and, as a result, they did not constitute comments so egregious as to be incurable by the District Court's admonishment to the jury to decide the case based on the evidence and the court's final instructions on the law.

¶14. In any event, however, a cause may not be reversed because of error by the trial court "unless the record shows that the error was prejudicial." *See* § 46-20-701, MCA. Thus, even assuming *arguendo* that the District Court abused its discretion in denying Shatz's motion for a mistrial, the question remains whether that error was prejudicial. We conclude that it was not.

¶15. In State v. Williams (1993), 262 Mont. 530, 538, 866 P.2d 1099, 1104 (citations omitted), we stated the prejudice test as whether a reasonable possibility existed that error contributed to the conviction, and applied that test to an error committed during jury selection. There, the evidence leading to the conviction was presented through nine witnesses whose testimony was consistent in all material respects and was "basically uncontradicted." The defendant called no witnesses and rebutted none of the prosecution's evidence. *Williams*, 262 Mont. at 539, 866 P.2d at 1104. On that basis, we held that no reasonable possibility existed that the court's erroneous denial of the defendant's challenge of one prospective juror for cause contributed to his conviction. *Williams*, 262 Mont. at 539, 866 P.2d at 1104.

¶16. Here, as in *Williams*, the State's evidence was substantial and uncontroverted. The record clearly established that Shatz was an inmate at the Montana State Prison, he could not be found after working outside the prison compound in August of 1997, he later was arrested in Billings, and his statements during a police interview unmistakably indicated that his actions were done knowingly. Nor did Shatz call any

witnesses or present any defense. Indeed, his counsel's cross-examination of the State's four witnesses totaled fewer than two dozen questions.

¶17. Moreover, Shatz did not address the prejudice test in his opening brief on appeal. In his reply brief, Shatz argues that he was prejudiced as a result of the District Court's denial of his motion for a mistrial because, while he presented no witnesses or defense, his counsel's closing argument was that the State failed to prove several of the elements of the charged offense beyond a reasonable doubt. In this regard, we need only observe that the presumption of innocence and the State's burden of proof were the only avenues of argument available to Shatz's counsel. Furthermore, the weakness of those arguments is evidenced by the fact that Shatz did not move for a directed verdict of acquittal based on the legal insufficiency of the State's case and he does not raise as an issue on appeal that there was insufficient evidence to support the jury's verdict.

¶18. On the record before us, we conclude that there is no reasonable possibility that the District Court's denial of Shatz's motion for a mistrial contributed to his conviction. We hold, therefore, that any error in the District Court's denial of Shatz's motion for a mistrial was harmless and not prejudicial.

¶19. 2. Did the District Court err in failing to rule on Shatz's motion to dismiss?

¶20. Shatz moved to dismiss the felony escape charge on double jeopardy grounds in February of 1998, and the District Court did not rule on that motion prior to his trial in May of 1998. Shatz contends on appeal that the District Court failed to comply with § 46-13-104(1), MCA, which generally requires that a pretrial motion be determined before trial, and requests a remand to the District Court with instructions "to rule on the motion and in the event the motion is denied to grant a new trial." The State responds that by proceeding to trial without alerting the District Court of its failure to rule on his pretrial motion, Shatz waived both his right to a ruling on the motion to dismiss and his right to raise this issue on appeal. We agree.

¶21. Prior to trial, the District Court inquired whether Shatz's counsel was ready to proceed to trial and counsel replied that Shatz was ready. At no time before or during the trial did Shatz alert the court that it had not ruled on his motion to dismiss.

¶22. "Waiver" is defined as "[t]he intentional or voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right." Black's Law Dictionary 1580 (6th ed. 1990). By representing to the court that he was ready to proceed to trial and by allowing the trial to proceed to conclusion without alerting the court that a potentially dispositive motion was pending, Shatz clearly pursued a course of conduct inconsistent with seeking a ruling on his motion. That conduct warrants an inference that Shatz relinquished--and thereby waived-- his right to a pretrial ruling on his motion to dismiss.

¶23. Furthermore, in State v. Swoboda (1996), 276 Mont. 479, 481, 918 P.2d 296, 298, the defendant did not alert the sentencing court to its obligation to consider or discuss sentencing alternatives to imprisonment for a nonviolent felony offender as required by statute. We ultimately held that, because the defendant failed to object to the sentence or move for reconsideration, he was barred from raising the "alternative sentencing" issue on appeal. *Swoboda*, 276 Mont. at 485, 918 P.2d at 300.

¶24. While the statutory duty imposed on the District Court to determine a pretrial motion before trial differs from the statutory duty at issue in *Swoboda*, our *Swoboda* analysis is equally applicable here. Shatz did not object to the court's failure to rule on his motion to dismiss, thereby giving the court an opportunity to correct its error. Accordingly, he is barred from raising that issue on appeal (*see, e.g., Swoboda*, 276 Mont. at 485, 918 P.2d at 300) and we need not address this issue further.

¶25. Affirmed.


/S/ KARLA M. GRAY



We concur:



/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

No

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER