No. 99-294

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 188

300 Mont. 405

4 P.3d 1204

STATE OF MONTANA,

Plaintiff and Respondent,

v.

COREY ALAN SPRINKLE,

Defendant and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jeremy Gersovitz, Lewis and Clark County Assistant Public Defender,

Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Tammy K. Plubell,

Assistant Attorney General, Helena, Montana

Mike McGrath, Lewis and Clark County Attorney; Lisa Leckie, Deputy

County Attorney, Helena, Montana

---

Submitted on Briefs: May 25, 2000

Decided: July 18, 2000

Filed:

_____

Clerk


Justice Terry N. Trieweiler delivered the opinion of the Court.

1. ¶By Information filed in the District Court for the First Judicial District in Lewis and Clark County, the State charged the Defendant, Corey Alan Sprinkle, with criminal sale of dangerous drugs, a felony, in violation of § 45-9-101, MCA; criminal possession of dangerous drugs, a misdemeanor, in violation of § 45-9-102, MCA; and criminal possession of drug paraphernalia, a misdemeanor, in violation of § 45-10-103, MCA. Sprinkle pled guilty to each offense. The District Court sentenced Sprinkle to a term of 20 years in prison pursuant to § 45-9-101(3), MCA. Sprinkle appeals the District Court's sentencing order. We vacate and remand for findings of fact.

2. ¶Although Sprinkle raised two issues on appeal, the following issue is dispositive:

3. ¶Did the District Court err when it failed to enter findings of fact to support its conclusion that Sprinkle was not excepted from the mandatory minimum sentence required by § 45-9-101(3), MCA?

## FACTUAL BACKGROUND

1. ¶Following Sprinkle's involvement in a drug transaction, the State charged Sprinkle with several offenses including criminal sale of dangerous drugs, a felony, in violation of § 45-9-101, MCA. Sprinkle pled guilty to each offense.

2. ¶On February 18, 1999, the District Court, following a sentencing hearing, sentenced Sprinkle to a prison term of 20 years for the felony conviction pursuant to the mandatory minimum sentence requirement found at § 45-9-101(3), MCA. The District Court concluded that none of the exceptions to the mandatory minimum sentence found at § 46-18-222, MCA, applied to Sprinkle.

## STANDARD OF REVIEW

1. ¶ Sentencing is based on statutory law. *See State v. Stevens* (1993), 259 Mont. 114, 115, 854 P.2d 336, 337. We review the district court's application of the sentencing statutes to determine whether the district court was correct. *State v. LaMere* (1995),

272 Mont. 355, 358, 900 P.2d 926, 928.

## DISCUSSION

1. ¶Did the District Court err when it failed to enter findings of fact to support its conclusion that Sprinkle was not excepted from the mandatory minimum sentence required by § 45-9-101(3), MCA?

2. ¶Section 45-9-101(3), MCA, provides the following mandatory minimums:

A person convicted of criminal distribution of a dangerous drug included in Schedule I or Schedule II pursuant to 50-32-222 or 50-32-224, except marijuana or tetrahydrocannabinol, who has a prior conviction for criminal distribution of such a drug shall be imprisoned in the state prison for a term of not less than 10 years or more than life and may be fined not more than $50,000, except as provided in 46-18-222. Upon a third or subsequent conviction for criminal distribution of such a drug, the person shall be imprisoned in the state prison for a term of not less than 20 years or more than life and may be fined not more than $50,000, except as provided in 46-18-222.

Section 46-18-222, MCA, provides:

Mandatory minimum sentences prescribed by the laws of this state, . . . do not apply if:

. . . .

(4) the offender was an accomplice, the conduct constituting the offense was principally the conduct of another, and the offender's participation was relatively minor . . . .

1. ¶It is conceded that Sprinkle had the necessary number of prior convictions to qualify for the mandatory minimum sentence, however, Sprinkle contends that he is excepted from the mandatory minimum sentence because his participation in the drug transaction was relatively minor, which he asserts qualifies him for the exception provided at § 46-18-222(4), MCA. Sprinkle also contends that the District Court erred when it did not enter findings of fact to support its conclusion. The State responds that substantial evidence supports the District Court's conclusion that

Sprinkle did not qualify for the exception, but concedes that the District Court should have entered findings of fact to support its conclusion.

2. ¶Section 46-18-223, MCA, provides:

(1) When the application of an exception provided for in 46-18-222 is an issue, the court shall grant the defendant a hearing prior to the imposition of sentence to determine the applicability of the exception.

(2) The hearing shall be held before the court sitting without a jury. The defendant and the prosecution are entitled to assistance of counsel, compulsory process, and cross-examination of witnesses who appear at the hearing.

(3) If it appears by a preponderance of the information, including information submitted during the trial, during the sentencing hearing, and in so much of the presentence report as the court relies on, that none of the exceptions at issue apply, the court shall impose the appropriate mandatory sentence. *The court shall state the reasons for its decision in writing and shall include an identification of the facts relied upon in making its determination. The statement shall be included in the judgment.*

(Emphasis added.)

1. ¶In this case, the District Court did not comply with the requirements of § 46-18-223, MCA. The purpose of findings is to demonstrate the factual basis for the district court's judgment. *See Jones v. Jones* (1980), 190 Mont. 221, 223-24, 620 P.2d 850, 851. Without findings we have no basis upon which to review that judgment. We, therefore, cannot review the merits of Sprinkle's first issue until the District Court complies with § 46-18-223, MCA. Accordingly, we hold that the District Court erred when it failed to enter findings of fact to support its conclusion that Sprinkle was not excepted from the mandatory minimum sentence found at § 45-9-101(3), MCA.

2. ¶We remand this case to the District Court for entry of findings to support its conclusion that the exception found at § 46-18-222(4), MCA, does not apply to the

mandatory minimum sentence required by § 45-9-101(3), MCA.


/S/ TERRY N. TRIEWEILER


We Concur:


/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON