No. 99-295

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 255

301 Mont. 466

10 P.3d 832

STATE OF MONTANA,

Plaintiff/Respondent,

v.

ALEXANDRIA NICOLE TUCKER

a/k/a ALEX TUCKER,

Defendant/Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Appellate Defender Office, Helena, Montana

For Respondent:

Joseph P. Mazurek, Montana Attorney General, Jennifer Anders, Assistant Montana Attorney General, Helena, Montana; Mike McGrath, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs: February 3, 2000
Decided: September 26, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Alexandria Nicole Tucker (Tucker) appeals from the sentence entered by the First Judicial District Court, Lewis and Clark County, that he serves ten years, with seven suspended, for attempted aggravated assault and an additional two years for the use of a weapon in the commission of the offense, to be served consecutively. We affirm.

¶2 We restate the issues on appeal as follows:

> 1. Did Tucker waive his right to appeal the District Court's sentence by failing to object?

> 2. Did the District Court fail to adequately comply with § 46-18-223(3), MCA, by not stating its reasons why it chose not to apply one of the § 46-18-222(3), MCA, exception to the § 46-18-221, MCA, weapons enhancement statute?

## FACTUAL BACKGROUND

¶3 Tucker arrived in Helena after a 600-mile trip originating in Canada and forced Joseph Fisher, the former husband of Tucker's fiancé into his care at knife point. After a discussion, Tucker proceeded to attacked his victim and repeatedly stabbed him. Tucker was charged with the offense of attempted deliberate homicide and kidnaping.

¶4 Tucker retained counsel and entered a plea of not guilty at his August 13, 1998

arraignment. After plea negotiations, the parties orally agreed that Tucker would plead guilty to the amended charge of attempted aggravated assault. The parties further agreed that the state would ask the court to order a presentence investigation and a psychological evaluation prior to sentencing. The District Court accepted Tucker's guilty plea and ordered a psychological evaluation and a presentence investigation.

¶5 A sentencing hearing was held on January 27, 1999. At the start of the hearing, the court and the parties agreed to combine the hearing on whether § 46-18-221, MCA, applied with the sentencing hearing. Section 46-18-221, MCA, requires a mandatory minimum two-year term of incarceration for use of a weapon unless one of the exceptions under § 46-18-222, MCA, applies. Both sides called witnesses and presented evidence.

¶6 Tucker argued that his "gender dysphoria" (commonly known as transsexualism) combined with the stress of his fiancé's custody battles caused sufficient impairment of his mental capacities to qualify him under § 46-18-222(3), MCA, to be excepted from the mandatory minimum two-year term of incarceration required by § 46-18-221, MCA. Under § 46-18-222(3), MCA, the minimum mandatory two-year term for use of a weapon does not apply if:

> (2) defendant's mental capacity at the time of commission of the offense was "significantly impaired" although not so impaired as to constitute a defense to the prosecution.

> (3) the defendant, at the time of the commission of the offense for which the defendant is to be sentenced, was acting under unusual and substantial duress, although not such duress as would constitute a defense to the prosecution.

The state probation officer recommended that the court impose the minimum mandatory two-year term for Tucker's use of a knife in the commission of the offense.

¶7 At the close of arguments, the court orally pronounced its sentence. Tucker was sentenced to ten years, with seven suspended, for the attempted aggravated assault with an additional two-year term, to be served consecutively, for the use of a weapon in the commission of the offense. The District Court explained why it chose not to exempt Tucker for the weapons enhancement statute as follows:

> As I think has been pointed out by the county attorney, you traveled a long distance,

a lot of time to think, and you brought a weapon into a dangerous situation. You committed a violent act against a man, and you've injured him seriously, apparently. And it sounds like from the wounds he could have died. So I have to weigh those two things.

¶8 Tucker made no objection to the sentence at the time it was given. Now for the first time on appeal, Tucker argues that the District Court erred by failing to adequately state the reasons why it chose not to apply one of the § 46-18-222(3), MCA, exceptions to § 46-18-221, MCA, as required by § 46-18-223(3), MCA.

If it appears by a preponderance of the information, including information submitted during the trial, during the sentencing hearing, and in so much of the presentence report as the court relies on, that none of the exceptions at issue apply, the court shall impose the appropriate mandatory sentence. *The court shall state the reasons for its decision in writing and shall include an identification of the facts relied upon in making its determination. The statement shall be included in the judgment.*

Section 46-18-223(3), MCA (emphasis added).

## STANDARD OF REVIEW

¶9 We review a criminal sentence on appeal to determine legality. State v. Montoya , 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15. Criminal sentencing alternatives are strictly a matter of statute in Montana. State v. Swoboda (1996), 276 Mont. 479, 481, 918 P.2d 296, 297. Our review is whether the District Court correctly interpreted and applied the applicable statutes. *Montoya*, ¶ 12.

## DISCUSSION

¶10 Did Tucker waive his right to appeal the District Court's sentence by failing to object?

¶11 Tucker argues that because the statutory exception to the weapons enhancement statute was addressed by both sides during the sentencing hearing, the issue was preserved for appellate review. Tucker argues that it is an unwarranted restriction to require a party to object to a judge's ruling in order to preserve the issue for appeal if that party has already presented evidence and argument on the issue.

¶12 Tucker's argument fails, because he is arguing a distinctly different issue on appeal than the one addressed during the sentencing hearing. Although the parties argued the merits of whether one of the § 46-18-222(3), MCA, exceptions applied, Tucker is alleging error on appeal because the District Court failed to specially set forth its reasons with identified facts for its decision as required by § 46-18-223(3), MCA. The issue of whether the District Court adequately complied with § 46-18-223(3), MCA, was not presented to the District Court. This difference in issues distinguishes this case from State v. Sprinkle, 2000 MT 188, ___ Mont. ___, ___P.2d ____, where on appeal the defendant argued the merits of his mandatory minimum sentence and we concluded that pursuant to § 46-18-223 (3), MCA, findings were necessary for us to reach the merits. Furthermore, in *Sprinkle*, the State did not contend that the defendant had waived his right to object to the District Court's failure to enter findings.

¶13 Because Tucker attacked his victim with a knife, the District Court had to consider § 46-18-221, MCA, during sentencing. Section 46-18-221, MCA, requires the imposition of at least a minimum two-year term to a sentence when a weapon was used in the commission of the offense. Section 46-18-222(3), MCA, however, provides certain exceptions which allow the sentencing judge to avoid the minimum two-year term for use of a weapon. Tucker argued during the sentencing hearing that one of the § 46-18-222(3), MCA, exceptions applied to him because of his transsexualism combined with the stress of his fiancé's custody battles sufficiently impaired his mental capacities. The District Court disagreed, and added the minimum two-year term, under the weapons enhancement statute, to his sentence.

¶14 Tucker is not appealing this decision. Rather, he is claiming that "[t]he sentencing court erred as a matter of law in failing to state the reasons why the exception to the otherwise mandatory sentence enhancement did not apply." This constitutes an issue of whether the District Court complied with § 46-18-223(3), MCA. This statute requires the sentencing court to state its reasons in writing why it chose to impose the weapons enhancement in the face of the defendant's argument that an exception applies. State v. Sprinkle, 2000 MT 188, ¶ 12, ___ Mont. ___, ___ P.2d ___, (remanded for entry of findings to support district court's conclusion that an § 46-18-222(4), MCA, exception did not apply). At no time, however, did Tucker complain to the District Court that its findings were inadequate under § 46-18-223(3), MCA.

¶15 We refuse to remand for resentencing when a defendant failed to bring the allegations of sentencing errors to the district court's attention in a timely fashion. *Swoboda*, 276

Mont. at 481, 918 P.2d at 298. We will not review issues that where not preserved for appeal in a district court. Sections 46-20-205, 701, MCA. The only exception to the waiver rule is where the sentence imposed is illegal or exceeds statutory mandates, in which case this Court may review for errors even if no objection is registered at the time of sentencing. *Swoboda*, 276 Mont. at 482, 918 P.2d at 299. That exception is inapplicable here, because Tucker does not allege that his sentence was illegal, excessive, or otherwise improper.

¶16 The purpose of the contemporaneous objection requirement is to give a district judge the first opportunity to correct any error. *See,* State v. Whaley (1895), 16 Mont. 574, 41 P. 852. Since this was not done here, Tucker waived his right to appeal this issue. Since this issue is dispositive, we need not address the remaining issue.

¶17 Affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY