No. 02-350

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 299N

CORY ALAN SPRINKLE,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.


APPEAL FROM:    District Court of the First Judicial District,
                     In and for the County of Lewis and Clark,
                     The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Cory Alan Sprinkle, Shelby, Montana (*Pro Se*)

        For Respondent:

                Hon. Mike McGrath, Attorney General; Cregg W. Coughlin,
                Assistant Attorney General, Helena, Montana

                Leo Gallagher, Lewis and Clark County Attorney; Lisa Leckie,
                Deputy County Attorney, Helena, Montana


Submitted on Briefs:  November 21, 2002

Decided:   December 12, 2002

Filed:

_____
                          Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal

Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a

public document with the Clerk of the Supreme Court and shall be reported by case title,

Supreme Court cause number and result to the State Reporter Publishing Company and to

West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Cory Alan Sprinkle filed a *pro se* petition for postconviction relief in the First Judicial District Court, Lewis and Clark County.  The court denied the petition and Sprinkle appeals.  We affirm.

¶3     The issue is whether the District Court erred in denying Sprinkle's petition for postconviction relief.

¶4     In February of 1999, the District Court entered a consolidated judgment against Sprinkle, revoking his prior suspended sentences and sentencing him on his guilty pleas to sale of dangerous drugs and possession of dangerous drugs and drug paraphernalia.  Sprinkle appealed the 1999 judgment and this Court remanded for entry of findings to support the determination that none of the exceptions to the mandatory minimum sentence applied.  *State v. Sprinkle*, 2000 MT 188, 300 Mont. 405, 4 P.3d 1204.

¶5     In July of 2001, Sprinkle filed a petition for postconviction relief in the District Court, complaining that the court did not hold a new hearing on remand of his criminal conviction. He also claimed he did not receive effective assistance of counsel when he

entered his plea in 1999, and that his guilty pleas in prior convictions on which the court relied in sentencing him were not intelligent and voluntary.

¶6 The District Court denied the petition for postconviction relief on the grounds that no hearing on remand was required, the claim regarding the prior convictions was procedurally barred by Sprinkle's failure to raise it on direct appeal, and the ineffective assistance claims were procedurally barred, waived when Sprinkle pled guilty, or unproven to the standards required under *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted in Montana in *State v. Boyer* (1985), 215 Mont. 143, 147, 695 P.2d 829, 831. Sprinkle appeals.

¶7 Sprinkle first asserts error in the District Court's determination no hearing on remand was required. His assertion is without merit.

¶8 We remanded for entry of findings to support the District Court's conclusion that Sprinkle was not entitled to an exception to the mandatory minimum sentence. *Sprinkle*, ¶ 12. The District Court already had held the hearing required by § 46-18-223, MCA, on the applicability of exceptions to the mandatory minimum prior to sentencing Sprinkle. Sprinkle did not request another hearing on remand and, in any event, our remand clearly contemplated the entry of findings based on the evidence of record. Nor did Sprinkle appeal from the findings on remand or challenge the absence of an additional hearing at that time. Sprinkle has not established error in this regard.

3

¶9 Sprinkle also argues the District Court erred in that he was not procedurally barred from raising "off-the-record" claims of ineffective assistance of counsel. He claims his counsel did not properly advise him of the mandatory minimum penalty or of his possible defenses.

¶10 Sprinkle's claim that his attorney did not advise him he could be subject to a mandatory minimum sentence is inconsistent with another claim he made to the District Court: that his attorney left him with the impression he would be granted an exception to the mandatory minimum. The claim is also rebutted by the trial attorney's affidavit filed in the District Court in response to Sprinkle's petition for postconviction relief. In his affidavit, counsel points out that he filed a sentencing memorandum in the criminal matter in which he argued Sprinkle was eligible for an exception to the mandatory minimum sentence. Counsel stated he "would never have told Mr. Sprinkle he <u>would</u> qualify for the exceptions in Section 46-18-222, MCA. . . .[t]he most I would have said is that I would <u>argue</u> for the exceptions as I did in a sentencing memorandum." Sprinkle did not refute his attorney's affidavit. We conclude the District Court did not err in denying this claim.

¶11 Finally, Sprinkle asserts he was not properly advised of his possible defenses to the crime charged, namely entrapment and outrageous government conduct. This claim is supported by only conclusory allegations. In any event, the record establishes that Sprinkle's counsel gave pretrial notice of an entrapment defense, but later abandoned it. Counsel's affidavit

4

states entrapment "was not found to be a viable defense," which he concluded was supported by Sprinkle's willingness to plead guilty under an "open" plea agreement with no guarantee he would receive any particular sentence. Again, Sprinkle has not refuted his counsel's affidavit. We conclude the District Court did not err in denying this claim.

¶12  Affirmed.


                                    /S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART